# Jones *v.* Weakley.

*Action for Money had and received.*

1. *Gifts causa mortis.*—To constitute a valid gift *causa mortis* the donor must part with possession and all present control over the thing given, must do that which shows conclusively such intention, and the delivery must be as complete as the nature of the property will allow.

[Jones v. Weakley.]

2. *Same; savings bank book* —A delivery by the donor to the donee of a savings bank deposit book, standing in the name of the donor, is a complete and valid gift *causa mortis* of the deposit, if such was the intention of the donor.

3. *Same; pass book of ordinary bank.*—A delivery of a pass book of an ordinary bank is not sufficient to constitute a va id gift *causa mortis* of the money on deposit, since the depositor does not, thereby, lose control over the deposit, and it was not the best available delivery of such deposit

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This suit was brought by the appellant, John H. Jones, against the appellee, S. D. Weakley, as administrator of the estate of Nat Jenkins, deceased, for money had and received. The facts of the case are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury; and upon the hearing of the evidence the court rendered judgment for the defendant. The plaintiff prosecutes this appeal, and assigns as error the rendition of said judgment.

WHITE & HOWZE, for appellant.—The delivery of a savings bank book is a valid gift *causa mortis* if such was the intention of the donor.—*Pearce v. Boston*, 37 Amer. Rep. 370; *Hill v. Stevenson*, 18 Amer. Rep. 231; *Curtis v. Portland*, 52 Amer. Rep. 750. Not being able to find any case holding that the delivery of a deposit book of a bank other than a savings bank is a valid gift *causa mortis*, or holding to the contrary, the question can only be settled upon principle and by analogy. It has been fully settled that promissory notes, bonds and other evidence of indebtedness, which may be regarded as representatives of debt are subjects of a parol gift, and the delivery thereof constitute a valid gift *causa mortis.* 3 Redfield on Wills, 335; *Tillinghast v. Wheaton*, 5 Amer. Rep. 621. The deposit book in this case was a contract on the part of the bank to repay the money loaned, or any part thereof on demand. It was an evidence of indebtedness, and as such its delivery by the owner would be a valid gift *causa mortis*, if such was the intention of the donor. The fact that the amount of the debt is uncertain can not affect this principle. The donor gives just what the bank owes him, and the donee accepts just so much, and this amount can be ascertained by proof. The mere fact of the donor's still having the right to draw on the amount deposited in the bank can not invalidate the gift, for in doing so he commits a wrong upon the donee, and this he has no right to do. The retention to invalidate the gift must be of the *right* to

[Jones v. Weakley.]

control the same.—*Amis v. Witt*, 33 Beavan, 619; *Thomas v. Lewis*, 15 S. E. Rep. 389.

CABANISS & WEAKLEY, *contra*.—1. Gifts *causa mortis* are not favored in the law, and in order to establish such a gift the proof must be clear and unmistakable.—19 Cen. Law. Jour. p. 222, and cases there cited; *Hatch v. Atkinson*, 56 Me. 324; s. c. 96 Amer. Dec. 464. 2. To constitute a valid donation *causa mortis*, there must be a delivery of the thing given and an acceptance of the gift by the donee. The donor must part not only with the possession, but with all present control and dominion over the property.—*Baskett v. Hassell*, 107 U. S. 602; s. c. 27 Law Ed. 500, and notes; *Ridden v. Thrall*, 11 Law Rep. Ann. 684 and notes; *Henschel v. Maurer*, 69 Wis. 570; s. c. 2 Am. St. Rep. 757, and note 759; 8 Amer. & Eng. Encyc. of Law, 1347, and note 3. 3. The delivery of a pass book of an ordinary bank of deposit is not sufficient to perfect a gift of the money on deposit, since the depositor does not thereby lose control and dominion over the deposit. 8 Amer. & Eng. Encyc. of Law, p. 1345, note 2; 2 Schouler Pers. Prop., §§ 172, 173; *Beak v. Beak*, L. R. 13 Eq. 489; *McGonnell v. Murray*, 3 Ired. Eq. R. 460; *Ashbrook v. Ryan* (Ky.), 92 Amer. Dec. 481; *Appeal of Walsh*, (Pa.), 9 Amer. St. Rep. 83; *McHugh v. O'Conner*, 91 Ala. 241. 4. The same acts are necessary to constitute a delivery in a gift *causa mortis* as in a gift *inter vivos*.—8 Amer. & Eng. Encyc. of Law, p. 1314, and authorities cited in note 6. 5. The delivery must be as complete as the nature of the property will admit of.—*Hatch v. Atkinson, supra; Smith v. Downey*, 3 Ired. 268; *Miller v. Jeffress*, 4 Gratt. (Va.), 472; *Ward v. Turner*, 2 Ves. 431; *Westerloo v. DeWitt*, 36 N. Y. 340.

STONE, C. J.—This case was tried by the court without a jury, and presents a single question: Does the testimony prove that the deceased, Nat Jenkins, made a valid, executed gift *causa mortis* to John H. Jones, the plaintiff, of the money he had on deposit with the First National Bank of Birmingham? There is no material conflict in the testimony.

The First National Bank of Birmingham was a bank of issue, discount and deposit, and was not a savings bank. Nat Jenkins was a colored man, was lying seriously wounded from a railroad disaster; believed he would die of his wounds, and did in fact die therefrom two days afterwards. He had a deposit account with the First National Bank. He had in his possession a pass book, in which was an account with the caption, "Dr. The First National Bank in ac-

count with Nat Jenkins, Cr." In this pass book were items of debit and credit, but the account was not balanced. There was in fact a balance due the depositor of near nine hundred dollars.

Jones was nephew of Jenkins, and was visiting the latter as he lay in the hospital, the effect of his injuries. He gave Jones the key to his box, and requested him to go and bring to him his pass book and other articles. On the next day, and in the presence of witnesses, Jenkins, after stating he was going to die, "handed to plaintiff (Jones) the bank book, keys and papers, and said to him: . . . take this book. I give you this money and all I have got—go and get it. I don't want the old man, or any of his folks, to have any thing that I have got. All I want is for you to see that I am decently buried." Jones took possession of the tendered pass book, keys and papers, and retained them. After Weakley was appointed administrator, he checked the money out of the bank, and this action was brought by Jones to recover the same as so much money had and received for his use.

The general rule is, that to constitute a valid gift, whether *inter vivos*, or *causa mortis*, the donor must part with dominion over the thing attempted to be given; must do the act or acts which are, or appear to be, the most pronounced and decisive of the intention to part with possession and control; and the acts must of themselves amount to a parting with the possession and control. Authorities on this question are very abundant, and they cover almost every conceivable phase of the question.—*McHugh v. O'Connor*, 91 Ala. 243; *Dacus v. Streety*, 59 Ala. 183; 8 Amer. & Eng. Encyc. of Law, 1341 *et seq.*; and the numerous authorities cited by counsel.

The direct question presented by this record has been many times considered. A pass-book issued by a savings bank, it is held, rests on a peculiar footing. Such book is the record of the customer's account, and its production authorizes control of the deposit. Like the key of a locked box, its delivery is treated as a delivery of all it contains. It follows that the delivery in this case, accompanied by the declared intention to give, if the deposit had been in a savings bank, would have been a valid gift *causa mortis* of the money on deposit, of which it was the evidence. It would furnish the key to the locked contents. 8 Amer. & Eng. Encyc. of Law, 1824-5; *Pierce v. Boston Five Cents Savings Bank*, 129 Mass. 425; 37 Amer. Rep. 371; *Curtis v. Portland Savings Bank*, 77 Me. 151; 52 Amer. Rep. 750; *Hill v.*

[Smith v. Brannon.]

*Stevenson*, 63 Me. 364 ; 18 Amer. Rep. 231 ; *Camp's Appeal*, 36 Conn. 88.

Not so, however, with the present book. The First National Bank, as we have seen, was a bank of issue, discount and deposit. The money could be withdrawn from the bank, not by the production of the pass-book, but on the check of the depositor. It was not the best delivery available under the circumstances. It did not give dominion and control of the money, the thing claimed to have been given ; for the money was as subject to check without the production of the book as with it.—*Thomas, Admr. v. Lewis*, 15 S. E. Rep. 389 ; *Dole v. Lincoln*, 31 Me. 422 ; *Hillebrant v. Brewer*, 6 Tex. 45 ; *Noble v. Smith*, 2 Johns. 52 ; *Jones v. Brown*, 34 N. H. 445 ; *Beak v. Beak*, L. R. 13 Eq. Cas. 489 ; 8 Am. & Eng. Encyc. of Law, p. 1345, note 2.

There is no error in the record.

Affirmed.