CORNELIA D. GOODRICH'S EXR. *v.* RUTLAND SAVINGS BANK ET AL.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 7, 1908.

*Gifts—Money in Bank—Gift of Deposit Book to Bailee thereof
—Sufficiency of Delivery and Change of Possession—
Reservation of Interest—Effect of Gift—Tendency of Evi-
dence—Question for Jury.*

Money deposited in a savings bank may be the subject of a valid gift
*inter vivos*; and a delivery of the deposit book by the donor to
the donee is a sufficient consummation of the gift to vest title and
possession thereof in the donee.

Evidence that, about the time a mother deposited her money in a
savings bank, she delivered the deposit book to her daughter for
safe keeping, and later made an order on the bank directing it to
pay the deposit to the daughter, or bearer, and gave the order to
the daughter "with the book," saying that "she wanted the interest
if she needed it that would accumulate at the bank," and that,
"when she got through with it, the remainder should go to" the
daughter, who always thereafter kept the deposit book, shows a
delivery sufficient to constitute a gift, *inter vivos*, of the money in
the bank, whether when the order was delivered to her, the
daughter was still holding the deposit book under the original
delivery thereof for safe keeping, or whether the mother then had
it, and delivered it with the order.

If, when the order was delivered to the daughter, she held possession
of the deposit book as bailee, thereafter, because of what then took
place, she held it as owner, since the delivery was all that the
nature of the thing given was capable of without a surrender by
the daughter to her mother of the actual possession of the book,
in order that the latter might redeliver it in execution of the
gift,—a useless ceremony not required by law. *French* v. *Ray-
mond*, 39 Vt. 623, distinguished.

The reservation by the donor of the interest on the deposit during her
life, if she need it, did not prevent the transaction from being

a valid gift, and the jury might reasonably understand the evidence to mean that, if the donor needed any of the interest, the donee was to let her have it, and that the remainder of the interest and the principal should belong to the donee.

The fact that some of the evidence was susceptible of a different construction, or that other evidence tended to show that there was no perfected gift, did not affect the claimant's right to have the case submitted to the jury.

GENERAL ASSUMPSIT against the Rutland Savings Bank to recover money deposited by plaintiff's testatrix. H. Isabell Creaser, the testatrix's daughter, and claimant of the fund, was made a party defendant, under P. S. 4641. Plea, the general issue. Trial by jury at the March Term, 1906, Rutland County, *Powers,* J., presiding. At the close of the claimant's evidence, the plaintiff moved the court to direct a verdict in his favor, for that the evidence did not show a perfected gift, as the donor retained control of the subject-matter thereof. Motion granted. Claimant excepted. The opinion states the case.

*Hunton & Stickney* for the claimant.

The testatrix had the right to give as much or as little of her deposit as she chose; so she could retain the interest and give away the principal. That intention, perfected by a conveyance of the legal title, makes the gift absolute. *Kerrigan* v. *Rautigan,* 43 Conn. 17; *Stephens* v. *Rhinehart,* 72 Pa. 434; *Foster* v. *Mansfield,* 3 Metcalf 414; *Hummel's Est.* 161 Pa. 215; *Candor's Appeal,* 27 Pa. 119; *Davis* v. *Ney,* 125 Mass. 590, 28 Am. Rep. 272; *Smith* v. *Ossipee etc. Savings Bank,* 64 N. H. 228, 10 Am. Rep. 400; *Green* v. *Tulane,* 52 N. J. Eq. 172; *Bennett* v. *Cook,* 28 S. C. 653; *Pope* v. *Savings Bank,* 56 Vt. 284; *Howard* v. *Savings Bank,* 40 Vt. 597.

*Butler & Moloney,* and *Stickney, Sargent & Skeels* for the plaintiff.

A gift, *inter vivos,* of personal property, with a life estate to the donor or to take effect at her death, is void. *Holly* v. *Adams,* 16 Vt. 207; *Smith* v. *Kittredge,* 21 Vt. 228; *Blanchard* v. *Shel-*

*don,* 43 Vt. 512; *Dean* v. *Dean,* 43 Vt. 344; *Williamson* v. *Johnson,* 62 Vt. 378; *Hackett* v. *Moxley,* 65 Vt. 75; *Stephenson* v. *Earle,* 103 Am. St. Rep. 790; *Watson* v. *Watson,* 69 Vt. 243; *Basket* v. *Hassell,* 107 U. S. 602; *In re Wirt,* 5 Demarest 179; *Doty* v. *Wilson,* 47 N. Y. 585.

The delivery must be such as to invest the donee with title and not by way of bailment.  *French* v. *Raymond,* 39 Vt. 623; *McCord* v. *McCord,* 77 Mo. 166; *Johnson* v. *Colley,* 99 Am. St. Rep. 895; *Wright* v. *Bragg,* 106 Fed. 25; *Chambers* v. *McCreery, Ibid.* 364.

WATSON, J.   The only question is whether it was error to order a verdict for the plaintiff.   It was contended by the claimant that her mother, the testatrix, gave her the money deposited in the Rutland Savings Bank, represented by deposit book No. 27899, reserving a right to the interest thereon during her lifetime, if at any time she should need it.

The evidence tended to show that the money was deposited in the bank sometime in the year of 1891, and that about the time of making the deposit the deposit book was given to the claimant by her mother to take care of and keep for her; that on January 25, 1893, in the presence of the claimant's husband, the mother made out an order on the bank directing it to pay to the claimant or bearer the amount of the deposit, and gave the order to the claimant "with the book," the mother at the same time saying "that she wanted the interest if she needed it that would accumulate at the bank," and that "when she got through with it the remainder should go to" the claimant; and that from that time the claimant always kept the deposit book.

The evidence of what took place on the occasion last named may fairly be interpreted to mean that the testatrix then made out the order of that date and gave it together with the book to the claimant, and inferentially that the testatrix at that precise time had the book in her possession and delivered it to the claimant.   Thus construed, the case is within the well settled law that a deposit in a savings bank may be the subject of a gift, and that the delivery of the deposit book by the donor to the donee is a sufficient consummation of the gift to vest in the latter the possession and title.   *Watson* v. *Watson,* 69 Vt. 243, 39 Atl. 201; *Hackett* v. *Moxley,* 65 Vt. 71, 25 Atl. 898.   It

is said however that when considered in connection with the evidence showing the deposit book previously in the claimant's hands to keep for her mother, the evidence tended to show that only the order was then delivered,—that the claimant already had possession of the book.    Taking this version of the evidence, although there is some conflict of authority on the question, we think that by the better view of the law a delivery sufficient to answer all legal requirements may be found.    Thus considered, the evidence tended to show that while the claimant was holding the deposit book for her mother the latter verbally gave the deposit to her, and in connection therewith made out and gave to her a written order directing the bank to pay the amount of the deposit to her.    Prior to that transaction the claimant held possession of the book as bailee.    Afterwards, by virtue of what then took place, she held it in another capacity, that is, as owner.    Here was a change of possession consequent on the verbal gift of the deposit and the manual delivery of the order, an acceptance of the gift, and a retention of possession by virtue thereof—in effect sufficient to complete a gift *inter vivos*.    The mother relinquished all dominion and control over the subject of the gift, and recognized the claimant's possession thereof as in her own right.    It was all the delivery the nature of the thing given was capable of without a surrender by the donee of the actual possession to her mother in order that the latter might redeliver the same in execution of the gift, a useless ceremony not required by law.    *Ross* v. *Draper,* 55 Vt. 404; *Winter* v. *Winter,* 101 E. C. L. 997; *Alderson* v. *Peel,* 64 L. T. Rep. 645; *Kilpin* v. *Rotley,* (1891) 1892, 1 Q. B. 582, *Tenbrook* v. *Brown,* 17 Ind. 410; *Wing* v. *Merchant,* 57 Me. 383; *Champney* v. *Blanchard,* 39 N. Y. 111; *Providence Sav. Inst.* v. *Taft,* 14 R. I. 502; *Carradine* v. *Carradine,* 58 Miss. 286; *Miller* v. *Neff's Admr.,* 33 W. Va. 197.

Nor is the case of *French* v. *Raymond,* 39 Vt. 623, to which reference is made by the plaintiff, an authority to the contrary. There the alleged donor on the death of her father and mother went to live with her uncle, the defendant.    Later she went to Massachusetts to work, and while there sent money to her uncle to be put into the savings bank for her, and it was so deposited. The bank book was always kept by the uncle in a drawer with his papers, and always in his possession.    After some years

she returned to her uncle's house and died there unmarried. The question was whether she so gave this money to the uncle, just before her decease, as to constitute a *donatio causa mortis.* It was held that evidence was entirely wanting to show one of the essentials of a gift of that character, a delivery, and thereon the court said: "There is not the slightest evidence tending to show that she delivered the book or anything else to the defendant, but on the other hand the evidence of the defendant shows that she never had the book, but that it always remained in the defendant's possession, and there is no evidence tending to show that she had any knowledge whatever of the existence of such a book." As far as the donor was concerned, the case stood the same as though, having money deposited in a savings bank, but nothing issued to her representing it, she verbally, at her uncle's house, gave him "the money." In no sense was the gift made complete by a delivery or change of possession of the subject of the gift or anything representing it, and hence there was no surrender of dominion over it.

It is further urged that the evidence shows no intention on the part of the testator to pass the title to the deposit book absolutely and at once, but rather that it should remain under her control until her death. But a jury might reasonably understand the evidence to mean that if the donor needed any of the interest which should accumulate at the bank the donee was to let her have it, and that the remainder of the interest, like the principal, should belong to the donee. Indeed, the evidence tends to show that such was the intent of the donor; for by giving the order directing the bank to pay the amount of the deposit to the donee, the latter, by presenting the order to the bank together with the book, could at any time change the deposit to one in her own name, surrender the book, and take a new one direct to herself. Moreover, without such change, only the donee could draw the principal or interest, she being the owner and possessor of the deposit book. Article 17 of the by-laws of the bank reads: "When any person shall receive either principal or interest, the original deposit book or voucher shall be produced, that the payment may be entered thereon; but in case of sickness or absence the money may be paid to the written order of the depositor accompanied by the book." And since the donor could not produce the original deposit

book, she was powerless at the bank and whatever interest she received the donee must let her have.

The reservation by the donor of the interest during her life, if she needed it, does not prevent the transaction from being a valid gift. The case of *Hackett* v. *Moxley* is full authority on this question. There one Abbie Hackett gave and delivered to the oratrix a note which the former held against a third person, subject to the condition that the donor should have the right to use such portion of the avails of the note as she might require during her lifetime. She in fact required none of them. It was held that the condition annexed to the gift did not nullify it, and that by the donor's death the gift was freed therefrom. See also *Blanchard* v. *Sheldon*, 43 Vt. 512.

The fact that some of the evidence was also subject to a different construction, or that other evidence tended to show that there was no perfected gift, did not affect the claimant's right to submit the case to the jury.

*Judgment reversed and cause remanded.*