# Venturi *v.* Silvio

### Bill to Enforce Equitable Assignment.

(Decided November 16, 1916. 73 South. 45.)

1. **Assignments; Equitable; Bank Deposit.**—One who held possession as bailee for a bank depositor of his bank book, which the bank required to be produced before payment of the deposit, and who for value, purchased the account for which the depositor gave him a check in addition to the pass book, was the equitable assignee or transferee of the account, and such assignment is not revokable by the death of the depositor before the. check could be presented for payment.

2. Same.—No particular form is essential to the validity of an equitable assignment, but it is sufficient whether by writing or by parol, if there is intentional transfer or making over of the subject matter, conferring a complete and present right in the assignee.

APPEAL from Bibb Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by V. Silvio against Georgiana Venturi as administratrix, to enforce an equitable assignment of a bank deposit. Decree for complainant and respondent appeals. Affirmed.

JAMES A. MITCHELL, and SAMUEL B. STERN, for appellant. ELLISON & DOMINICK, for appellee.

SAYRE, J.—Complainant (appellee) claimed that a certain savings deposit which stood to the credit of Rafaele Ver'uri on the books of the First National Bank of Birmingham nad been equitably assigned to him by said Rafaele during his lifetime, and filed this bill against appellant, as Rafaele's administratrix, to recover a judgment for the amount of the deposit. Appellant has collected the money from the bank, and the sole question is whether she should be held to account for it to complainant. Therefore the bank is not made a party. The brief for appellant discusses the law of gifts causa mortis; but appellee does not claim the fund by way of a gift of any sort, causa mortis or inter vivos. By virtue of his exchange of money for an interest-bearing credit with the bank of the same amount he claims as an equitable assignee for value, and while the bill is not as clear on the point as it might be, upon fair interpretation we think it intends that the amount of the decedent's original deposit, without augmentation of credits for interest, constituted and remained the full amount of his credit with the bank at the time of the assignment counted upon.

(1, 2) The First National Bank of Birmingham pays interest on deposits; but it is not a savings bank within the original meaning of that term. However, the difference between savings banks as they were originally organized and an ordinary stockholders' bank doing a commercial business is of no consequence in the present controversy. It is, however, a matter of consideration that the bank, following the fashion of savings banks strictly so called, had a regulation which provided that interest-bearing or savings deposits might be withdrawn by the depositor

personally or by written order, but that no money should be paid unless the depositor's book be produced so that payments could be entered thereon, unless it be proved that the book was lost, stolen, or destroyed. This was a regulation for the safety and convenience of the bank. It constituted the passbook a representative or symbol of the deposit in such sort that its assignment or delivery with the intention to pass the title to the deposit would so operate in equity. In equity no particular form is essential to the validity of an assignment; it may be in writing or by parol. It is sufficient if there is an intentional transfer or making over of the subject-matter conferring a complete and present right on the assignee.—*Lowery v. Peterson*, 75 Ala. 109. Here appellee already had the passbook in his possession at the time of the exchange, according to one alternative of the amended bill. Such delivery of it was made as could be reasonably demanded in the circumstances.—*Goodrich v. Rutland Savings Bank*, 81 Vt. 147, 69 Atl. 651, 17 L. R. A. (N. S.) 181. Previously, it must be presumed, he held it as bailee for appellant's decedent. Afterwards he held it in another capacity, that is, as owner. Although the check which decedent afterwards gave, if it had stood alone as the only evidence of appellee's right, would have been revocable and in law revoked by his death, which occurred before it could be presented for payment, when considered in connection with the previous parol exchange of money for the interest-bearing deposit alleged in the bill and appellee's possession of the passbook, it was enough to transfer to appellee the equitable ownership of decedent's deposit account with the bank. —*Jones v. Weakley*, 99 Ala. 442, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84. The case just cited and *Goodrich v. Rutland Sav. Bank, supra,* were cases involving the law of gifts causa mortis. A fortiori the principles announced sustain the assignment in this case if the facts shall be found to be as alleged.

The court below overruled a demurrer to the amended bill, and its decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.