## GOODSON v. LILES. (3 Div. 606.)

(Supreme Court of Alabama. April 26, 1923.)

1. **Executors and administrators** $\iff$ 421—Action for money had and received by donee of bank books held proper.

Money had and received was the proper form of action by a donee of bank books against the administrator of the donor, for deposits which were withdrawn from the bank by the administrator.

2. **Money received** $\iff$ 15—Action for money had and received is equitable in nature.

The action for money had and received is equitable in nature, and the right of the plaintiff in equity and good conscience to recover is to be determined on equitable principles.

3. **Executors and administrators** $\iff$ 430—Administrator individually liable for withdrawing bank deposit given by deceased to another.

If a gift of bank deposits was completely consummated, the deposits were not assets of the depositor's estate, and his administrator would be liable individually, and not in his representative capacity, for withdrawing the deposits from the bank.

4. **Gifts** $\iff$ 22, 62(6)—There may be an effective constructive or symbolic delivery consummating gift.

There may be an effective constructive or symbolic delivery consummating a gift causa

mortis or inter vivos of money, chattels, or choses in action.

**5. Gifts ⬬30(3)—Delivery of savings account book held to constitute gift.**

Where a depositor delivered a savings account book to a person, and signed a written statement that he turned all his property over to such person, his action constituted a valid gift.

**6. Gifts ⬬18(2)—Acts, as well as intention to make gift, must be present.**

Intention will not alone consummate a gift, but there must be accompanying acts of the donor, amounting to a parting with possession and control.

**7. Gifts ⬬30(3)—Regulations of bank as to withdrawals by depositor held not to affect validity of gift of savings account.**

A bank's rules as to withdrawal of money deposited in a savings account requiring a third person withdrawing money from an account to present an order signed by the depositor, or a power of attorney duly authenticated, did not operate to render invalid a gift of the account by the depositor's delivering the book to the donee, and signing a written statement making such gift.

**8. Gifts ⬬66(2)—Delivery of bank book held not a valid gift causa mortis of checking account.**

Delivery of a bank book by a depositor, and signing a statement that he gave his bank accounts to a certain person, was not an effectual delivery of a checking account as a gift causa mortis, it not being the best delivery available under the circumstances, since the depositor was not precluded thereby from subjecting the fund to a check.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Action by Mandy Goodson against D. P. Liles. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, section 6. Reversed and remanded.

The action is for money had and received, instituted by appellant against appellee. At the instance of the defendant the trial court gave general affirmative instruction in defendant's favor, and refused a like character of instruction concluding in plaintiff's favor.

T. J. C. Thames lived in the house of Mrs. Goodson, the plaintiff, in Escambia county, for about nine months before his death in May, 1920. In November, 1919, upon his return from Opp, Ala., over 100 miles distant, he handed the plaintiff the "bank books" in question, one a "savings account book" issued to Thames by the First National Bank of Opp, showing that character of deposit to Thames' credit in the established savings department of that bank, which was a national banking institution of discount and deposit. On the "savings account book"

Thames was credited by the savings department of the bank with $500 on which interest had accrued in the sum of $11.72. The "savings account book" was in the form employed by savings banks. Among other regulations printed on this book, which was delivered to and accepted by Thames, were these:

"4. On making the first deposit, the depositor shall be present and shall subscribe his or her name on a signature card of the bank, as his or her agreement to these rules and regulations, or, if unable to be present, he or she shall furnish signature to be inserted on such card.

"5. The passbook shall be the voucher of depositor, and the bank shall not be liable nor called on to make any payments unless it is presented at the counter in order that proper entry may be made therein.

"6. The bank shall not be liable for payment made to any person who shall produce the deposit book of the depositor, unless notice shall have, previous to such payment, been given to the bank by or in behalf of the depositor that said book has been lost, mislaid, stolen or otherwise passed from the possession of the true owner thereof.

"7. Withdrawals or deposits, and the interest thereon, may be made by a depositor personally, or by written order if the signature of the depositor be entered on the signature card of the bank, or by power of attorney duly authenticated. No withdrawal of deposits or interest shall be made unless the depositor's passbook be produced and the withdrawal entered therein. Provided, however, that if the depositor shall prove to the satisfaction of the officers of the bank that his passbook has been lost, stolen or destroyed, and shall furnish to the bank satisfactory indemnity against any claim which may at any time be made against the bank on account thereof, the officers of the bank may make payment to the depositor without the production of such book."

The defendant, Liles, qualified as administrator of the estate of Thames, deceased, and in that capacity collected the sum of $511.72 from the bank at Opp. The defendant also collected from the bank the sum of $163.86, which stood to Thames' credit on his "checking account," an ordinary deposit account book having been issued to Thames. About the date stated in the writing Thames signed this paper:

"May the 15 1920.

"I sertfy this day I will turn all of my propty over too Mandy Goodson at my death I have 46 acer of land and wht money I have in the first National Bank of Ope. My land lies in Ascambia County an all so my Libberty Lone Bond and my ~~war saving stamps~~—to cape and too hold too be hurs forever.

                                     his
                         "T. J. C. X Thames.
                                    mark
"This is to take effect at my death.
"Witness my hand this May 15—20
"R. F. Cruit, Notary Public. [Official Seal.]"

Such further facts and circumstances as are important will be accorded reference in the opinion.

The plaintiff's right to recover the amount collected by Liles as represented by the sum ($511.72) in the "savings account" to Thames' credit is based upon an asserted gift thereof by Thames to the plaintiff—a gift inter vivos. With respect to the other sum ($163.86), the plaintiff's theory is predicated of a gift causa mortis by Thames to the plaintiff.

Hamilton, Page & Caffey, of Brewton, for appellant.

Money had and received will lie against one who, in collecting up the estate of decedent under letters of administration, takes over property not belonging to decedent at the time of his death. Gledhill v. McCoombs, 110 Me. 341, 86 Atl. 247, 45 L. R. A. (N. S.) 26, Ann. Cas. 1914D, 294; Burdine v. Roper, 7 Ala. 466; Hunnicutt v. Higginbotham, 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45; Ala. State Bank v. Glass, 82 Ala. 278, 2 South. 641; Daily's Adm'r v. Daily, 66 Ala. 266; Prater v. Stinson, 26 Ala. 456; First Nat. Bank v. Sproull, 105 Ala. 275, 16 South. 879; P. & M. Ins. Co. v. Tunstall, 72 Ala. 142. The delivery and acceptance of a savings account, together with intent to donate the funds to the transferee, is sufficient to constitute a completed gift, and it is not necessary that there be a written assignment. Jones v. Weakley, 99 Ala. 441, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84; Venturi v. Silvio, 197 Ala. 607, 73 South. 45; Wade v. Edwards, 23 Ga. App. 677, 99 S. E. 160; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; Gammond v. Bowery Sav. Bank (Com. Pl.) 8 N. Y. Supp. 856; Baxter v. Gillen, 179 App. Div. 902, 165 N. Y. Supp. 1076; Pierce v. Boston Bank, 129 Mass. 425, 37 Am. Rep. 371; Tillinghast v. Wheaton, 8 R. I. 536, 5 Am. Rep. 621, 94 Am. Dec. 126; Camp's Appeal, 36 Conn. 88, 4 Am. Rep. 39; Polley v. Hicks, 58 Ohio St. 218, 50 N. E. 809, 41 L. R. A. 858; Goodrich's Ex'r v. Rutland Savings Bank, 81 Vt. 147, 69 Atl. 651, 17 L. R. A. (N. S.) 181; Union Tr. & Sav. Bank v. Tyler, 161 Mich. 561, 126 N. W. 713, 137 Am. St. Rep. 523; Caldwell v. Goodenough, 170 Mich. 114, 135 N. W. 1057; 12 R. C. L. 946; 28 C. J. 702. The rules and regulations printed in the savings account book form the contract between the bank and the depositor. Parol testimony seeking to vary same is therefore inadmissible. Chase v. Waterbury Sav. Bank, 77 Conn. 295, 59 Atl. 37, 69 L. R. A. 329, 1 Ann. Cas. 96; Langdale v. Citizens' Bank, 121 Ga. 105, 48 S. E. 708, 69 L. R. A. 341, 104 Am. St. Rep. 94, 2 Ann. Cas. 257; Heath v. Portsmouth Savings Bank, 46 N. H. 78, 88 Am. Dec. 194; Donlan v. Provident Inst. for Sav., 127 Mass. 183, 34 Am. Rep. 358; Geitelsohn v. Citizens' Savings Bank, 17

Misc. Rep. 574, 40 N. Y. Supp. 662; 7 C. J. 864. A gift causa mortis must be a transfer of property made in view of impending dissolution. The fact that the donor, in making the gift, expressly conditions it to take effect in case of his death, does not make the gift testamentary, and invalid because not executed in the form essential to a will. 12 R. C. L. 962; 28 C. J. 622. The debt of a bank to its depositor may be assigned like any other chose in action, and may be the subject of a valid gift causa mortis. 28 C. J. 693; 2 Michie, Banks & Banking, pp. 905, 983; First Nat. Bank v. O'Byrne, 177 Ill. App. 473; Stephenson's Adm'r v. King, 81 Ky. 425, 50 Am. Rep. 173; Jones' Adm'r v. Moore, 102 Ky. 591, 44 S. W. 126; McCoy's Adm'r v. McCoy, 126 Ky. 783, 104 S. W. 1031; Claytor v. Pierson, 55 W. Va. 167, 46 S. E. 935; Risley v. Phenix Bank, 83 N. Y. 318, 38 Am. Rep. 421; Dinslage v. Stratman, 105 Neb. 274, 180 N. W. 81, 14 A. L. R. 702; Second National Bank v. Gibboney, 43 Ind. App. 492, 87 N. E. 1064. An actual delivery is necessary to the consummation of a pure gift at common law; but, where the gift is manifested by a written instrument, delivery of the writing is an equivalent act, and consummates the gift. Newman v. James, 12 Ala. 29; Jones v. Deyer, 16 Ala. 221. It is for the jury, and not the court, to say on the testimony whether there was a clear intention to make a gift, and whether that intention was carried into effect by such a delivery as would make a completed gift. Sims v. Sims' Adm'r, 8 Port. 449, 33 Am. Dec. 293; Nelson v. Iverson, 24 Ala. 9, 20, 60 Am. Dec. 442.

Smiths, Young, Leigh & Johnston, of Mobile, and Ed McMillan, of Brewton, for appellee.

One of the essentials of a valid gift inter vivos is that the gift must be complete, nothing left undone. The owner must part with dominion over the thing attempted to be given. 28 C. J. 626; Jones v. Weakley, 99 Ala. 441, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84. Under regulation 7, printed on the bank book, the money could not be withdrawn from the bank without a written order or power of attorney, and presentation of the book. Mere delivery of the passbook was not the best delivery available in the circumstances. Smith v. Brooklyn Sav. Bank, 101 N. Y. 58, 4 N. E. 123, 54 Am. Rep. 653; Kummel v. Germania Sav. Bank, 127 N. Y. 488, 28 N. E. 398, 13 L. R. A. 786; Matthews v. Hoagland, 48 N. J. Eq. 455, 21 Atl. 1054; 28 C. J. 665; Walsh's Appeal, 122 Pa. 177, 15 Atl. 470, 9 Am. St. Rep. 83, 1 L. R. A. 535; Reasner v. Bohne (Ind. App.) 129 N. E. 490.

McCLELLAN, J. (after stating the facts as above). [1, 2] The form of the action, money

had and received, was well chosen. It is equitable in nature; and in that character of action the right of the plaintiff, in equity and good conscience, to recover is to be determined upon equitable principles. Hudson v. Scott, 125 Ala. 172, 177, 28 South. 91, among others.

[3] If the plaintiff's theory of completely consummated gift was sustained, then the subject of the gift, so consummated, was not assets of the estate of Thames, and hence Liles individually, not in his representative capacity, was liable in the premises. Campbell v. American Bonding Co., 172 Ala. 458, 55 South. 306.

Treating first the inquiry whether the asserted gift to the plaintiff, the donee, of the fund in the "savings account" was consummated, thereby divesting the donor of the title thereto, the undisputed evidence in the record requires the conclusion that, so far as Thames' intention to make gift to plaintiff of the sum in the "savings account" was concerned, Thames intended to give that fund to the plaintiff. It also appears conclusively that plaintiff intended to accept the donation if it was otherwise consummated. The particular issue contested was and is whether Thames accomplished his intent to make gift of that fund to Mrs. Goodson through an appropriate and essential delivery thereof, and the solution of this issue depends, in turn, upon the inquiry whether Thames' acts in the premises effected such delivery of this fund or its symbol to the asserted donee as irrevocably invested the donee with the possession and control thereof. Jones v. Weakley, 99 Ala. 441, 444, 12 South. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84. In respect of the doctrine to which Jones v. Weakley (decided 1892) is just cited, this court is not now disposed to enter upon a reconsideration with a view to conforming the pertinent rule in this jurisdiction to that which may elsewhere prevail.

[4] That there may be an effective constructive or symbolic delivery, consummating a gift, causa mortis or inter vivos, of money, chattels, or choses in action is generally accepted. 28 C. J. pp. 636–638, and notes, particularly note 12, citing decisions of this court. While affirming that the pass book involved in Jones v. Weakley was not a pass book of the savings bank type, the court, in the process of necessary discrimination, declared that a "pass book issued by a savings bank * * * rests on a peculiar footing;" that "such a book is the record of the customer's account, and its production authorizes control of the deposit;" that "like a key of a locked box, its [i. e., the pass book's] delivery is treated as a delivery of all it contains;" that, if a savings bank pass book is delivered to the asserted donee, "accompanied by the declared intention" of the asserted donor "to give," there is consummated a "valid gift causa mortis" of the fund of which the savings bank pass book is "the evidence," provided, of course, the donee accepts the donation. According to Jones v. Weakley there is no material distinction, as respects the essential act of delivery, between gifts inter vivos and gifts causa mortis. Upon occasion there are, however, points of difference between gifts inter vivos and gifts causa mortis (28 C. J. 622); but the questions now under consideration do not require for their proper decision recourse to those distinctions.

[5] Notwithstanding implications to the contrary in Jones v. Weakley, this court, in Venturi v. Silvio, 197 Ala. 607, 73 South. 45, decided that there is no material difference between a savings department conducted by a bank of issue, discount, and deposit, doing a commercial business, and a savings bank conducted strictly or exclusively as such. The latter case pronounced to an effect more consonant with sound conclusion than the implications to the contrary in Jones v. Weakley.

[6] The relation Thames bore to the Opp bank, in respect of the fund in the savings account, was that of creditor to the bank. The book issued to him evidenced that relation and the amount of the bank's indebtedness to Thames. According to the accepted doctrine of Jones v. Weakley, which we have summarized above, the delivery of the "savings account book" to Mrs. Goodson, accompanied by the statements the witnesses attribute to Thames at the time, manifested his intent to make gift to her of the fund symbolized by the "savings account book." Intention will not alone suffice to consummate a gift. Acts must accompany as well as illustrate the intention manifested. The donor "must do the act or acts which are, or appear to be, the most pronounced and decisive of the intention to part with possession and control; and the acts must of themselves amount to a parting with the possession and control.", Jones v. Weakley, supra. But the requisites to an effective gift may, as has been stated, be afforded by a symbolic delivery.

[7] But for the rules and regulations printed on the "savings account book," quoted in the statement of the case ante, the discriminative pronouncement of Jones v. Weakley, with respect to such pass books, would cast the conclusion in plaintiff's favor. It is conceded by the respective counsel that these rules and regulations were elements of the contract between Thames and the bank (7 C. J. p. 864); this notwithstanding these rules and regulations were not shown to have been formally adopted by the bank's authorities. The appeal is, however, considered in the present aspect upon the basis of the stated concession by the respective counsel.

Consonant with the satisfactory and applicable conclusions prevailing with the New York Court of Appeals in Ridden v. Thrall,

125 N. Y. 572, 26 N. E. 627, 629, 11 L. R. A. 684, 21 Am. St. Rep. 758, in interpretation of similar regulations to those here involved, this court is of the opinion that none of the regulations in question apply to qualify or to condition the consummation of a gift inter vivos through effectual symbolic delivery of the fund by the actual delivery of the "savings account book" to the donee by the donor. Of the regulations reproduced in the statement, those pertinent to the present inquiry (particularly in paragraph 7) relate to withdrawals, partial or otherwise, of the savings deposit, and not to the exercise by the depositor, creditor of the bank, of his right to effect a gift or other disposition of his demand against the bank.

"This by-law," to quote the presently apt deliverance in Ridden v. Thrall, supra, "requires an order or power of attorney when some one seeks to draw money for the depositor or the depositor's money. But the depositor can draw the money without making an order, simply by the presentation of the deposit book, and so can any owner of the book. Suppose the plaintiff had purchased the book, and had thus become the absolute owner thereof. He could have drawn the money as owner on presentation of the book, and the bank could not have required, as a condition of payment, that he should procure a power of attorney or an order from one having no interest, legal or equitable, in the deposit. The owner in such a case should produce satisfactory evidence of his ownership of the book, and if the bank refused to pay he would be obliged to establish such ownership by any competent evidence, and nothing more; and his rights as purchaser would be no greater than his rights as donee. He has the same right to enforce payment that he would have had if he had been the donee of any nonnegotiable chose in action, or a certificate of deposit or unindorsed note. He could establish his right to payment in such a case by any proof showing that he was the absolute legal or equitable owner."

Smith v. Brooklyn Savings Bank, 101 N. Y. 58, 4 N. E. 123, 54 Am. Rep. 653, is relied upon by appellee to sustain the insistence that, since the regulations (particularly that numbered 7) made a condition to appropriation of the savings fund by one other than the depositor, such third person should produce either an order or a "power of attorney duly authenticated," and that, since Thames did not so equip the plaintiff to avail of or appropriate the fund, no irrevocable symbolic delivery was consummated; there remaining in Thames the right to defeat the donation, notwithstanding the delivery of the book, by withholding the authorization described in regulation 7.

In Smith v. Brooklyn Savings Bank, supra, the action was by the depositor against the Savings Bank to recover money paid out to a third person whose only right to withdraw the fund was the possession of the pass book.

The court construed the bank's own regulation as denying the right of the bank to thus discharge its debt to the depositor; the court restricting the bank's right to discharge its obligation to the depositor to the methods prescribed in the regulations, framed by the bank, which contemplated, in the depositor's absence, payment by presentation of the pass book and a written authority from the depositor. There was no suggestion that the third person in possession of the pass book had acquired it, as the evidence of the bank's obligation to the depositor, through otherwise perfect gift by or purchase from the depositor. In the later deliverance on Ridden's Appeal, supra, the court evidently did not regard the Smith Case as either applicable or authoritative on the materially different inquiry presented by this appeal.

According to the undisputed evidence, the gift to plaintiff of the fund at savings (with its interest) was consummated; and that fund was not assets of the Thames estate.

[8] Under the apt authority of Jones v. Weakley, supra, it must be held that the other fund, in Thames' "checking account," was not effectually delivered, symbolically or otherwise, as a gift causa mortis. The writing reproduced in the statement ante did not preclude Thames from subjecting that fund to check; and, hence, what Thames did, by the mentioned writing or otherwise, was, manifestly, "not the best delivery available under the circumstances."

The court erred in giving the general affirmative charge in defendant's favor on the whole case.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.