ANN BROPHY, Respondent, v. CHARLES E. HAEBERLE, as Administrator, etc., of FLORA R. HAEBERLE, Deceased, Appellant.

Fourth Department, May 11, 1927.

Gifts — gift causa mortis — gift of bank book showing deposits in bank of deposit and discount to credit of intestate does not constitute gift of amount on deposit — rule applicable to gift of bank book of savings bank is not applicable to gift of bank book of commercial bank.

A gift by the intestate of a bank book issued to her by a State bank of deposit and discount showing a balance to her credit does not constitute a gift of the balance in the bank.

The rule applicable to a gift of a savings bank book is not applicable to a gift of a bank book of a commercial bank, for in the case of a savings bank book its possession is essential to the withdrawal of the amount contained in the bank, whereas in the case of a commercial bank book it is not necessary that the depositor present the book when he seeks to withdraw money from the bank.

APPEAL by the defendant, Charles E. Haeberle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 5th day of March, 1925, upon the decision of the court rendered after a trial at the Niagara Trial Term before the court without a jury.

*Cohn, Chormann & Franchot* [*Clarence R. Runals* of counsel], for the appellant.

*Nicholson & Knowles* [*Frank S. Nicholson* of counsel], for the respondent.

HUBBS, P. J. The plaintiff has recovered a judgment against the defendant, as administrator, for the amount of the balance on deposit in a State bank of deposit and discount to the credit of his intestate. The learned trial justice has found that upon the night of her death the defendant's intestate delivered to the plaintiff her bank book and stated that she gave the same and the balance in the bank to the plaintiff. As a conclusion of law it was found that the transaction constituted a good and valid gift *causa mortis*.

The only question to be determined is whether the said conclusion of law can be sustained. That is, does the delivery of a bank

book on a commercial bank, with a statement that the depositor gives the book and the balance in the bank to the transferee, constitute a valid gift *causa mortis?*

It is settled by a long line of decisions in this jurisdiction that there may be a valid gift *causa mortis* of a savings bank book and account. (28 C. J. 702.) It has never been determined by any court in this State, as far as I have been able to ascertain, that the same rule applies to an account in a commercial bank of deposit and discount.

It is the general rule that a delivery of the thing given is absolutely necessary to constitute a valid gift *causa mortis.* (28 C. J. 689; *Young* v. *Young,* 80 N. Y. 422.) Since the decision by Lord ELDON in *Duffield* v. *Elwes* (1 Bligh [N. S.], 497; 9 Eng. Rul. Cas. 827 [1827]) gifts of choses in action have been sustained where the evidence of the indebtedness has been delivered to the donee, even without an indorsement or assignment in writing. (12 R. C. L. 964; 28 C. J. 699; *Hall* v. *O'Brien,* 218 N. Y. 50.) Those cases extended the rule that a delivery of the *res* was absolutely necessary to constitute a valid gift. The courts announced the doctrine that an equitable title by gift corresponds to an equitable title by sale and the delivery of an evidence of debt bestows an equitable title upon the donee and gives him an important means of securing the thing given.

That principle was extended to the oral gift of a savings bank book and account. It was held that a savings bank book was an evidence of the debt, that a savings bank is not obliged to pay the depositor except upon production of the bank book and is protected if it pays in good faith to a third person who presents the book. The theory running through the cases is that the book is the evidence of the debt which the donor intends to give and that the delivery of the book with intent to give transfers an equitable title which should be enforced the same as an equitable title by purchase.

The reason for holding an oral gift of a savings bank book valid is entirely lacking in the case of an attempted transfer by gift *causa mortis* of a commercial bank book.

It appears without contradiction in this case that the bank account in question was an inactive checking account. It was not necessary to present the book in order to withdraw money from the bank. Money could only be withdrawn by presenting a check signed by the depositor. The depositor during her lifetime had full control over the money on deposit without reference to the bank book. No one, by reason of the possession of the bank book, could obtain money from the bank. The bank book did not furnish the means of obtaining possession of the deposit.

It is apparent that if the plaintiff had gone to the bank before the death of the defendant's intestate and presented the bank book, the bank would not have paid to her the money on deposit. The possession of the bank book would not have aided her in the effort to obtain the money. The book was a memorandum furnished to the depositor for her convenience, giving the date and amount of deposits.

The plaintiff, by obtaining possession of the bank book, did not obtain control, or evidence of a right to control, the deposit, and the attempted transfer did not constitute a valid, enforcible gift *causa mortis.* (*Van Fleet* v. *McCarn*, 2 N. Y. Supp. 675; *Pace* v. *Pace*, 107 Miss. 292; 65 So. 273; *Gordon* v. *Clark*, 149 Ark. 173; 232 S. W. 19; *Jones* v. *Weakley*, 99 Ala. 441; 19 L. R. A. 700; *Goodson* v. *Liles*, 209 Ala. 335; 96 So. 262; *Thomas' Admr.* v. *Lewis*, 89 Va. 1; 18 L. R. A. 170; *Szabo* v. *Speckman*, 73 Fla. 374; L. R. A. 1917D, p. 357; *Snidow* v. *Brotherton*, 140 Va. 187; 124 S. E. 182; 40 A. L. R. 1246.)

In Brantly on Personal Property (§ 216, p. 315) it is said: " Nor has it ever been contended that the gift of a book of deposit in an ordinary bank would, *per se*, carry the fund due the depositor, although such book is a voucher made by the debtor bank. But a savings bank book is of a different character, and is, in a high degree, the evidence of the debt." (See, also, 2 Schouler Pers. Prop. [3d ed.] §§ 171, 172; 12 R. C. L. 965; 28 C. J. 702.)

In Kentucky the courts have reached a different conclusion. (See *McCoy's Admr.* v. *McCoy*, 126 Ky. 783, which is contrary to the great weight of authority.)

The learned trial justice based the decision herein upon the case of *Callanan* v. *Clement* (18 Misc. 621; affd., without opinion, 32 App. Div. 631; 162 N. Y. 618). An examination of the record on appeal in that case discloses that the account therein was a savings account and the bank book a savings bank book, which evidenced the contract between the bank and the depositor. The decision in that case was controlled by the cases holding that an oral gift of a savings bank book is valid. The case, therefore, is not authority for the decision made at the trial of this case.

The judgment should be reversed upon the law and facts, certain findings disapproved and reversed, new findings made, and judgment awarded to the defendant dismissing the complaint, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and facts, certain findings of fact disapproved and reversed, and complaint dismissed, with costs.