In the Matter of the Estate of KATE S. ROSENTHAL, Deceased.

Surrogate's Court, Oneida County, June 6, 1928.

**Executors and administrators — claims against estate — proof shows decedent made out two checks, aggregating $150, payable to claimant on savings bank, and delivered checks without pass book — in absence of proof of delivery of savings bank book there was no valid gift — claim dismissed.**

A claim against decedent's estate, amounting to $150, was properly disallowed by the executor, where it appears that decedent, after making out two checks for $100 and $50 respectively, payable to claimant, on a savings bank in which she had an account, caused them to be delivered to the claimant. The decedent did not deliver the bank book, although each check contained the words: " The pass book must be presented with this check."

In the absence of proof of delivery of the savings bank book to claimant, without which she could not withdraw the funds set out in the checks, there was no legal or valid gift, and the claim must be dismissed.

PROCEEDING against estate based on checks, one signed by the testatrix prior to making her will and the other signed by her thereafter.

*Harry N. Harrington,* for the executor.

*Stanley Bliss,* for the claimant.

EVANS, S. A claim against this estate amounting to $150 was presented by Mrs. Edna Deans and rejected by the executor.

The testatrix had an account in the Oneida Savings Bank in the city of Oneida, N. Y. On October 1, 1924, she filled out a blank check for $100 payable to the claimant and signed the same. On October 18, 1924, she filled out another blank check for $50 payable to the claimant and signed the same. These checks were drawn on the Oneida Savings Bank. On each of the blanks were printed the words: " The pass book must be presented with this check."

Misc. 290]        Surrogate's Court, Oneida County, June, 1928.

The will of the testatrix was executed on October 6, 1924, and among other provisions is a legacy of $100 for the claimant. The claimant never had possession of the bank book of the testatrix and payment of the checks by the bank was refused for that reason.

The check for $100 was delivered to a daughter of the claimant by the testatrix who told the daughter to give the check to claimant. The testatrix also spoke of her appreciation for acts of kindness and service on the part of the claimant. The later check for $50 came to claimant by mail and the address on the envelope was in the handwriting of the testatrix. The testatrix at a subsequent conversation requested the claimant not to cash the checks during the lifetime of testatrix as she did not feel sure that her money would last.

The daughter of the claimant to whom the first check was delivered is a legatee under the will for the sum of $200. The will was executed six days after the date of the first check for $100 and there is some evidence to indicate that the $100 legacy mentioned in the will to claimant was a substituted gift for the check of that amount. However, in disposing of the claim I think that it is unnecessary to decide that point. The testatrix lived more than two years after she executed the checks. It is evident that the testatrix attempted to make a conditional gift. In order to render a gift valid *causa mortis* or *inter vivos* the gift must be delivered to the donee or it must be placed in his power by delivery of the means of obtaining possession. The mere delivering of the checks without the book, could not and did not operate as a transfer of the money in the bank.

During the two years that testatrix lived following these transactions, she retained control of her bank deposit and might have drawn out all of her money, regardless of anything that claimant might have done to prevent. (*Curry* v. *Powers*, 70 N. Y. 212.)

A recent case decided in this department is authority for holding that the gift of a bank book on a commercial bank does not constitute a gift of the balance in the bank. (*Brophy* v. *Haeberle*, 220 App. Div. 511.)

In the case cited the bank book simply showed deposits made in a checking account.

Possession of a bank book issued for a checking account conveyed no rights to the donee. There was no check executed and delivered by the donor and, therefore, it was impossible for the donee to obtain money at the bank.

Presentation of a pass book issued for a checking account is unnecessary as the right to withdraw funds is conveyed by means of a check.

A different rule prevails with reference to accounts in savings banks.

Presentation of the book is always essential in order to withdraw funds.

As there was no delivery of the savings bank book to the claimant by the testatrix it follows that there was no legal and valid gift of the amounts ($150) represented by the checks and that the claim must be disallowed and dismissed.

Decreed accordingly.