In the Matter of the Estate of ARTHUR L. DENISON, Deceased.

Surrogate's Court, Oneida County, December 5, 1935.

*Cross & Cross*, for the petitioner.

*Fuller, Brown, Hubbard & Felt*, for Floyd Piper, general guardian of Ruth Denison.

EVANS, S. This is a proceeding for a judicial settlement. The decedent died intestate on September 16, 1934. He was survived by his widow, Dorothy C. Denison, who is the administratrix of the estate, and by an adopted daughter, Ruth Denison, who is a minor.

The court is asked to determine the ownership of three accounts, viz.:

1. Account in the Utica Savings Bank opened in April, 1931, in the name of the decedent in trust for Ruth Denison.

2. Account No. 20931 in the Homestead Aid Association which was opened in January, 1928, in the name of the decedent as trustee for Ruth Denison.

3. Account in the Homestead Aid Association opened March 27, 1934, in the name of Dorothy C. Denison.

These three accounts were personally opened by the decedent who retained the pass books and which were found in a safe lock box after his death.

Account No. 1 showed withdrawals on several occasions amounting in all to $4,500, leaving a balance of $182.17. Account No. 2 showed payments extending over a period of years, the total of which at the time of the death of the decedent was $2,344.50.

These two accounts, I think, constituted revocable trusts during the lifetime of the decedent and upon his death became irrevocable. (*Matter of Totten*, 179 N. Y. 112; Banking Law, § 249.)

This view seems to be supported by the settled law of the State.

It is the contention of the administratrix that the amounts due on the two accounts in favor of Ruth constitute advancements to her and should be so charged.

The underlying purpose of the statute pertaining to advancements seems to establish a rule whereby the interests of children may be equalized and fairness be effected in the distribution of an estate. (Dec. Est. Law, § 85.)

I doubt whether the legislative intent includes a situation where the controversy is between a mother and daughter. (*Beebe* v. *Estabrook*, 79 N. Y. 246.)

Without deciding this phase of the controversy, the statute eliminates from consideration as an advancement money expended for the purposes of educating a child. The proof here indicates this purpose on the part of the decedent and upon the law and facts I think that the accounts in favor of Ruth cannot be classed as advancements.

Account No. 3 in the name of Dorothy C. Denison, the wife of the decedent, with the Homestead Aid Association of Utica, amounting to $175, is not a bank deposit and I think not subject to rules laid down by courts in dealing with deposits in banks. The custody of a savings bank book is important in cases involving gifts for the reason that presentation of the book at the bank is essential in order to withdraw funds. An unqualified delivery of such a book from the owner to another with the intent to make a gift of the account is necessary to complete and validate such a gift. This is not true of a bank book of a commercial account subject to check. The book is not presented in order to withdraw funds. Delivery of the book from the owner to another will not constitute a gift. Custody of the book issued by a commercial bank is an immaterial matter. These observations assume cases in which the account is in the name of the depositor. The distinctions pointed out are found in *Brophy* v. *Haeberle* (220 App. Div. 511.)

No evidence has been submitted as to the precise nature of an account with the Homestead Aid Association of Utica but, generally speaking, it appears to be an investment in shares of the association and entirely different from an ordinary account in a bank. Credit for payments is to Dorothy C. Denison.

All of the surrounding circumstances indicate an intent on the part of the decedent that the shares or interest represented by the book should belong to his wife.

The decedent parted with control over the money each time that he made a deposit or purchase of a share and the title was vested in Dorothy C. Denison.

It was an irrevocable act and I hold and decide that Mrs. Denison is the owner of this account.

Decreed accordingly. ▬▬▬▬▬▬▬▬