# Crass. *v.* Memphis & Charleston Railroad Co.

*Bill in Equity by Common Carrier to enforce Lien for Freight, and to require Claimants of Property to Interplead.*

1. *Interpleader in equity; interest of complainant in controversy.*—A bill in equity cannot be maintained as a bill of interpleader, or as a bill in the nature of a bill of interpleader, where the complainant sets up and seeks to have enforced a demand of his own upon the property in his possession as to the ownership of which he seeks to require the defendants to interplead, and the bill does not show that the defendants assent to the validity and allowance of the claim set up by the complainant.

2. *Same; bill showing that one defendant is entitled to the property.*—A bill in equity filed to require the defendants to interplead as to the ownership of property in the possession of the complainant shows no right in the complainant to call upon the claimants to interplead, where the averments of the bill show that one of the defendants is entitled to the property, and that the other has no such claim to it as would give him any standing in court.

3. *Lien of common carrier; remedy in equity for enforcement of, as affected by statutory provisions.*—The lien of a common carrier for freight upon goods carried exists independent of any statute, and the remedy in equity for its enforcement is not affected by the statute (Code, § 1182) providing an additional remedy.

4. *Right of stoppage in transitu; exercise of, does not displace carrier's lien.*—If the buyer of goods is insolvent at the time of the purchase, and his insolvency is not then known to the vendor, or if he becomes insolvent after the purchase, the vendor has the right of stoppage, while the goods are in the hands of a carrier, in transit, or in store at the end of the journey, no actual delivery having been made to the purchaser, and no intervening rights having attached; but the exercise of the right of stoppage *in transitu* does not displace the carrier's lien for freight.

5. *Bill of interpleader; order to interplead before answer filed or decree pro confesso taken.*—On the overruling of a demurrer to a bill seeking to require the defendants to interplead, it is error to require them to

[Crass v. Memphis & Charleston R. R. Co.]

interplead before they have filed answers, or decrees *pro confesso* have been taken against them.

6. *Same: affidavit to.*—A bill of interpleader should be sworn to, but the omission of an affidavit is an amendable defect.

APPEAL from the City Court of Decatur.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by the Memphis & Charleston Railroad Company, against J. T. Crass, the Bethlehem Iron Company, and the Decatur & Nashville Improvement Company. The defendant Crass demurred to the bill, assigning seventeen grounds of demurrer, which may be summarized as follows: 1. Because the bill is not verified by oath, that said bill is not filed in collusion with the defendants the Bethlehem Iron Company and the Decatur and Nashville Improvement Company; 2. Because the bill shows that complainant has an interest in the subject-matter of the suit, and is not an indifferent stakeholder; 3. Because the bill shows that the defendant Crass has no right to the property in question; 4. Because the bill shows that the complainant has a plain remedy by a sale of the property under the statute; 5. Because it is apparent from the allegations of the bill that the defendant the Bethlehem Iron Company has no right of stoppage *in transitu* as to the goods involved in this suit. The first ground of demurrer was sustained; the others were overruled.

R. 'A. McCLELLAN, and KYLE & SKEGGS, for appellant. (1.) The demurrer on the ground of the complainant's interest in the suit should have been sustained.—*Conley v. Ala. Gold Life Ins. Co.* 67 Ala. 472; *Mohawk & Hudson R. Co. v. Clute,* 3 N. Y. Chan. (Lawy. Ed.) and note; *Lozier v. Van Saun,* 3 N. J. Eq. 325; *Pfister v. Wade,* 56 Cal. 49; *Farley v. Blood,* 30 N. H. 354; *National Bank v. Binninger,* 26 N. J. Eq. 345; *Gibson v. Goldthwaite,* 7 Ala. 291; *Snodgrass v. Butler,* 54 Miss. 45. (2.) The bill showed that the defendant Crass had no right to the property, never having made a levy thereon. The demurrer on this ground should have been sustained.—*Shaw v. Foster,* 4 N. Y. Chan. (Lawy. Ed.) 455; *Bedell v. Hoffman,* 2 N. Y. Chan. 872, and note; *Killian v. Ebbinghaus,* 110 U. S. 571; *Bryant v. Read,* 14 N. J. Eq. 271; 3 Pomeroy's Eq. Jur. 354; 6 Am. & Eng. Ency. of Law, 768; 11 *Ib.* 498; *Durden v. Burns,* 6 Ala. 365. (3.) The bill can not be maintained, because the complainant had a complete and adequate remedy at law, and claimed the property under an adverse and independent title.—Code, § 1182; *Powell v. Robinson,* 76 Ala. 423; *McDonald v. Allen,* 37 Wis. 108; 19 Am.

Vol. 96.

Rep. 754. (4.) It was error to order an interpleader, before giving the defendants an opportunity to file an answer. *City Bank v. Bangs*, 2 Paige, 570; *Atkinson v. Manks*, 1 Cowen, 691; *First National Bank v. West River Co.* 4 Vt. 633; *Conflict v. King*, 2 Beasley (N. J.) 375; 2 Dan. Ch. Pr. (5th Ed.) 1493.

HUMES & SHEFFEY, *contra.*—A court of equity has jurisdiction to enforce the lien of a common carrier for unpaid freight. The remedy given by statute, even if it was adequate in such a case as this, is not exclusive.—Hutchinson on Carriers, § 494; *Fox v. McGregor*, 11 Barb. (N. Y.) 41; *Montandon v. Deas*, 14 Ala. 33; *Black v. Brennan*, 5 Dana, 311; 1 Pomeroy's Eq. Juris. § 279; 8 Am. & Eng. Ency. of Law, 979. A bill in the nature of a bill of interpleader will lie by a party in interest to establish his own rights between third parties.—*Darden v. Burns*, 6 Ala. 362; *Mohawk R. Co. v. Clute*, 3 Paige, 384; *City Bank v. Bangs*, 2 Paige, 570; Willard's Eq. Jur. p. 321; Story's Eq. Pl. § 297b; 2 Dan. Ch. Pr. bottom p. 1495. The objections taken by the demurrers do not apply to "a bill for relief, in the nature of a bill of interpleader." The fact that the several defendants claim the property in question is sufficiently alleged in the bill. *Lozier's Ev'rs v. Van Saun*, 3 N. J. Eq. 325; *Briant v. Read*, 14 N. J. Eq. 272.

COLEMAN, J.—The bill was filed by the appellee to enforce a common carrier's lien upon certain property which had been transported by it, and which was then in its possession, and also to require the defendants (appellants) to interplead as to the ownership of the property. Certain causes of demurrer to the bill were overruled by the court, and before answers were filed or decree *pro confesso* taken, the court decreed that the defendant should interplead. From this decree the appeal is prosecuted. The bill shows that The Bethlehem Iron Company, a corporation organized under the laws of Pennsylvania, shipped and consigned to the Decatur & Nashville Improvement Company, to be delivered at Decatur, Alabama, a large quantity of rails, bolts, spikes, and fish-plates, particularly described in Exhibit A to the bill, and that, while said property was in the possession of the complainant as a common carrier, the Bethlehem Iron Company exercised the right of stoppage *in transitu*, on the ground that the Decatur & Nashville Improvement Company had become insolvent, and notified and demanded of complainant that the property should be delivered to The

29-96

Bethlehem Iron Company. The bill then avers that John T. Crass sued out an attachment against the Decatur & Nashville Improvement Company, and claimed to have acquired a lien upon the property by the levy of the attachment, that the attachment suit was prosecuted to judgment, and, by virtue of a writ of *venditioni exponas,* the sheriff, after advertisement, sold the property and John T. Crass became the purchaser, and as such claims the property. After stating in the bill that, at the sheriff's sale, The Bethlehem Iron Company gave notice of its claim to the property, it proceeds as follows: "The complainant avers that said writ of attachment never was in fact levied upon the property decribed in paragraph one of the bill and Exhibit 'A' herewith filed, and that said sheriff never did have possession, custody or control of said property, nor did complainant ever surrender possession or release its control and custody of said property to any one."

The bill sets up a lien upon the property in favor of complainant for ten thousand three hundred and ninety-two 02-100 dollars, claimed "on account of unpaid freight charges and demurrage," and the prayer of the bill is that the decree for the delivery of the property to the proper owner be conditioned upon the payment of this sum to complainant, and, in default of its payment, that the lien be declared and the property sold by a decree of the court for its payment.

To entitle a party to the benefit of a bill of interpleader, he must negative any interest in himself in the matter in controversy, and show that he is a mere stakeholder, that there is a doubt to whom the debt is due or duty belongs, so that he can not safely pay or render to the one, without risk of being liable for the same debt or duty to the other. In such case the plaintiff only asks that he be at liberty to pay the money to the party to whom it of right belongs, and may thereafter be protected against the claims of both. 2 Daniell Ch. Pl. §§ 1561, 1571; 3 Pom. Eq. § 1320; Story Eq. Pl. § 291; *Conley v. Ala. Gold L. Ins. Co.* 67 Ala. 475. As stated by Mr. Pomeroy, section 1325, "He must stand entirely indifferent between the conflicting claimants, and be ready and willing to surrender the thing in dispute or pay the debt. He can not mingle up a demand of his own upon the property or thing with the demand that the other persons shall interplead. The interest, however, which will defeat the relief must be in the *thing* or *fund* itself, which is the subject-matter of the controversy and of the suit. . . . Nor, it seems [he adds] will a charge, lien or claim upon

the very thing or fund itself, *which is admitted to be valid by both the defendants*," defeat the relief.    Italics are ours.    The complainant sets up a right to hold the property and a lien upon it for over ten thousand dollars, cost and expenses for freight and demurrage.    The bill does not show that the defendants assent to the correctness of this charge and claim, and the prayer of the bill is that the decree for the delivery of the property be conditioned upon its payment, and, if not paid, that the property be sold for the satisfaction of this lien.

It is contended, however, that this is a bill in the nature of a bill of interpleader, and that such a bill lies by a party in interest to ascertain and establish his own rights, where there are other conflicting rights between third persons. This rule is thus stated in 2 Daniell's Ch. Pr. § 1571, Story Eq. Pl. § 291, and Pomeroy, *supra*; but the cases cited in support of the text, and the general principles declared by the text and authorities, do not authorize the application of the rule to cases like the present, where the complainant seeks to mingle up and enforce a demand of his own upon the property or thing, with the demand that the other persons shall interplead.    There can be no bill of interpleader, or bill in the nature of a bill of interpleader, when the defendants contest and litigate with the plaintiff himself as to the validity and allowance of a claim set up by himself.    Such a rule is at variance with the very nature and purpose of a bill of interpleader.    Under such circumstances, the complainant has a personal interest in the result of the suit, directly antagonistic to that of respondents.    We find a case cited in *Ex'rs of Lozier v. Van Saun*, 3 N. J. Eq. 325, where "the complainant, who was a stakeholder, offered to pay into court the amount in his hands, deducting the duty and commission which he estimated at a sum certain.    The right to this deduction was disputed, and therefore the vice chancellor said there was a personal question between the complainant and one of the defendants.    He was not an indifferent stakeholder."   We need not go so far in the present case. The offer in the present case to deliver the property is made upon the condition that complainant's claim be admitted and paid, and, in default, that the property be sold.    We make the further suggestion, if the property is sold by the decree of the court to satisfy the plaintiff's demand, and a stranger becomes the purchaser, as he may, of what avail is the bill as a bill of interpleader for the protection of the plaintiff?    Nothing will have been accomplished by the respondents impleading each other.

The bill is objectionable as a bill of interpleader for another reason. It is the danger of injury to the complainant, from the doubtful rights and conflicting claims of the defendants to the fund, or to the thing or duty to be performed, which authorizes him to call upon the claimants to interplead. The bill must show he can not safely pay or render the duty without risk of being subsequently made liable again. When, from complainant's own showing, there can be no doubt in the case, the party entitled to the debt or duty claimed is not to be subjected to the delay and expense of a chancery suit.—*Mohawk & Hudson Railroad Co. v. Clute*, 4 Paige Ch. Rep. 392. The case made by the averments of the bill shows that there was no levy on the property under the attachment suit of John T. Crass, and the sale by the sheriff carried no title or claim to the purchaser. "To constitute a levy on personal property, the officer must assume dominion over it. He must not only have a view of the property but he must assert his title to it by such acts as would render him chargeable as a trespasser but for the protection of the process."—*Abrams v. Lehman*, 65 Ala. 468, and authorities cited. Every fact necessary to constitute a valid levy is negatived by the averments of the bill. If the defendants should answer admitting the allegations to be true in every respect, a case is made out which clearly shows that the Bethlehem Iron Company, subject to complainant's lien, is entitled to the property, and John T. Crass has no standing in court. It becomes necessary for him to dispute the allegations of the bill in regard to the basis of his title, before he can show such a claim as will give him any standing in court and any right to interplead. The rule is that if complainant "states a case in his bill which shows that one defendant is entited to the debt, and the other is not, both defendants may demur."—*Bryant v. Reed*, 14 N. J. Eq. 276; *Blair v. Porter*, 13 N. J. Eq. 267; Story Eq. Pl. § 292; 2 Story Eq. Juris. § 821.

It is contended by appellant that the statute (Code, § 1182) afforded complainant a cheap and adequate remedy at law to enforce his common carrier's lien, and for this reason the bill is without equity, and should be dismissed. If complainant had an equitable remedy prior to the passage of the statute, the remedy remains unaffected by the statute. The rule which prevails in this State is that declared by Mr. Pomeroy, and is as follows : "Although a statute may confer a remedy for the enforcement of a right in a court of law, unless the statute contains negative words or other language expressly taking away a pre-existing equitable juris-

diction, or by its reasonable construction and its operation, show a clear legislative intent to abolish that jurisdiction, the equitable jurisdiction remains unabridged."—1 Pom. Eq. Juris. § 279.   A common carrier undoubtedly is entitled to a lien for freight upon the goods carried, and the right to retain possession of them until his reasonable charges are paid.—2 Wait's Actions & Defenses, p. 60, § 2; Story on Bailments, § 588; *Long v. Mobile & Montgomery Railroad Co.,* 51 Ala. 512.   The lien exists independent of any remedy given by statute for its enforcement, and we do not doubt that a court of chancery has jurisdiction to enforce it.— *Westmoreland v. Foster,* 60 Ala. 453; 2 Kent, § 642.

As a bill of interpleader, or a bill in the nature of a bill of interpleader, in its present shape it is objectionable and subject to demurrer.   We do not say it can not be amended, so as to give it equity as a bill in the nature of a bill of interpleader.   The right of stoppage *in transitu* is a valuable right, and may have been properly exercised in this case. If the buyer of goods is insolvent at the time of the purchase and his insolvency is not known to the vendor at the time of the sale, or becomes insolvent after his purchase, the vendor has the right of stoppage, while they are in the hands of a carrier, in transit, or in store at the end of the journey, no actual delivery having been made to the purchaser, and no intervening rights having attached.   The rule arises upon the insolvency of the buyer, and is based upon the principle of justice and equity that one man's goods shall not be applied to another man's debts, and is said to be an equitable extension of the vendor's common-law lien and right to retain the goods until they are paid for.—2 Benj. Sales, §§ 1229-31; *Farrell v. R. & D. Railroad Co.,* 102 N. C. 390; 11 Amer. St. 760; *Loeb v. Peters,* 63 Ala. 248.   The exercise of the right of stoppage does not displace the carrier's lien.   He may still retain possession until his freight charges and expenses are paid.—*Penn. Railroad Co. v. American Oil Works,* 126 Penn. St. 485; 12 Amer. St. Rep. 889.   We do not know but that respondents have admitted the correctness of complainant's demand and the extent of his lien for freight and charges, and the bill may be amended in this respect.   The bill may be further amended so as to show that respondent Crass has such a claim to the property the subject-matter of controversy as to entitle complainant to require him and the other respondents to interplead.   We do not know the facts of the case, and can not anticipate the action of complainant in this respect.   He is entitled to the opportunity to amend his bill if he can.

[Maness v. Henry.]

The court erred in its order requiring the respondents to interplead, without granting leave to file answers. The mere allegations of a bill, however strong, do not authorize a decree that the parties interplead. They may deny in their answers, and sustain by proof their denial, every averment upon which the bill rests for relief as a bill of interpleader. When the answer denies the facts upon which the bill depends as a bill of interpleader, the plaintiff is put to his proof before the case is ready for a decree. as to whether the respondents should be required to interplead. A bill of interpleader should be sworn to, but the omission of an affidavit is an amendable defect. There is no cause of demurrer assigned by defendants which raises the question of a carrier's lien for demurrage, and the question is not decided. See *Hawgood v. 1310 Tons of Coal*, 21 Fed. Rep. 681.

Reversed and remanded.

WALKER, J., not sitting.