(78 South. 891)

JOHNSON et al. v. BLACKMON.
(7 Div. 928.)

(Supreme Court of Alabama. April 11, 1918. Rehearing Denied May 9, 1918.)

1. BILLS AND NOTES ⬉⟿151—CERTIFICATES OF DEPOSIT—NEGOTIABILITY.

Certificates of bank deposits are in effect negotiable promissory notes, promising payment

---

⬉⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 199 Ala. 388.

upon their return or surrender properly indorsed.

**2. BILLS AND NOTES ⬡⟹209 — CERTIFICATES OF DEPOSIT—TRANSFER—DELIVERY.**

A stipulation in a certificate of deposit for payment upon its return or surrender properly indorsed is for the safety and convenience of the bank, and makes the certificate representative of the deposit in such sort that even its mere delivery with the intention to pass title to the deposit would so operate in equity.

**3. INTERPLEADER ⬡⟹8(2) — OWNERSHIP OF CERTIFICATES OF BANK DEPOSITS—RIGHT TO REMEDY.**

One holding certificates of deposits claimed by several through a common source may maintain his bill of interpleader to determine their ownership, even though the banks, brought in as parties defendants, by appropriate proceedings, would have been able to protect themselves against the conflicting claims.

**4. INTERPLEADER ⬡⟹29 — INDIFFERENCE — EVIDENCE.**

On a bill of interpleader to determine the ownership of certain certificates of the bank deposit in the possession of plaintiff and claimed by several, evidence *held* not to show that the interpleader had incurred an independent liability to one of the claimants, and so did not stand as an indifferent stakeholder between them.

**5. INTERPLEADER ⬡⟹16—RIGHT TO REMEDY— OWNERSHIP OF CERTIFICATES OF DEPOSIT.**

One receiving certificates of deposit, payable to a certain person, was bound to surrender them to whomsoever had the right to receive them, and might file a bill of interpleader taking the position of a mere stakeholder standing indifferently between the suggested claimants to avoid the harassment of one or more suits for the same demand.

**6. INTERPLEADER ⬡⟹1—OFFICE OF BILL.**

The office of an interpleading suit is not to protect the party against a double liability, but against double vexation in respect to one liability.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill by Ross Blackmon against W. H. Johnson and another for an interpleader, and for other relief. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The allegations of the bill are that respondent and one Rutherford Lapsley, at the request of Thomas H. Owens, went to his place of residence and drafted the last will and testament of said man, which was delivered to orator, and was thereafter placed in the hands of the judge of probate of Cullman county, and after drafting the will, and in pursuance of instructions of Dr. Mehurg and Mary J. Mount, orator and Lapsley brought into Anniston the sum of $2,395 in cash, the property of said Thomas H. Owens; that deposit was made in the First National Bank of Anniston of $1,197.50, said bank issuing a time certificate therefor, same being payable to the order of Thomas H. Owens, and that orator and Lapsley made a like deposit in like amount in the City National Bank, taking a certificate of deposit therefor, payable to the order of Thomas H. Owens; that thereafter Lapsley, acting for himself, and ostensibly as a friend to Mary J. Mount, induced said Owens to indorse to her the two certificates of deposit above described, and that said Lapsley and said Mount returned such certificates to the two banks, and caused same to be canceled and annulled, and certificates from equal sums represented by the certificates of deposit to be issued by said banks to said Mary J. Mount. The originals are delivered to the court, and copies of the certificates issued to Mount are made exhibits to the bill. Later orator went out to the residence of said Thomas H. Owens and explained to him the force and effect of his conduct in indorsing certificate to said Mary J. Mount, and that then and there said Thomas H. Owens signed the document hereto attached in the presence of the witnesses therein named, and which document is made Exhibit C to the bill, and is as follows:

In the presence of the undersigned witnesses, I, Thomas H. Owens, make this statement in regard to certain money heretofore given by me to my sister, Mary J. Mount, now deceased. At the time when the money was taken from my home for deposit in the banks of Anniston, it was my intention and I understood that the money was being given by me to my sister Mary J. Mount, for her lifetime, to be used by her as she saw fit in taking care of me and herself, and the place, and there was never any intention on my part to give and transfer to her absolutely any of this money, or any certificates of deposits for the money, but only for her lifetime, and at her death to pass to my estate; any indorsement by me of any certificates of deposits for this money was made by me for this purpose only as above stated, and with this understanding.

Signed by Thomas H. Owens, in the presence of four witnesses.

The bill alleges the death of Mary J. Mount and that L. B. Liles has been appointed her administrator; it also alleges the death of Thomas H. Owens, and the appointment of W. H. Johnson and A. J. Skelton, as his administrators. The bill also alleges that Liles as administrator, as well as Johnson and Skelton as administrators, have each, acting in their capacity as administrator as such demanded that your orator surrender and deliver to them the above certificates of deposit, one claiming the same to be the property of Mary J. Mount, and the other claiming same to be the property of the estate of Thomas H. Owens. The bill further alleges how the certificates of deposit came into orator's possession, and that the administrator of Mary J. Mount, and the administrators of Thomas H. Owens, respectively, are each threatening to sue for the possession, etc., of said certificates.

P. F. Wharton, Harvey A. Emerson, and Rutherford Lapsley, all of Anniston, for appellants. W. W. Whiteside, of Anniston, for appellee.

SAYRE, J. Appellee filed this bill of interpleader to have determined the ownership of certain certificates of bank deposit

claimed by the appellants. We need notice only two propositions:

[1-3] 1. Appellants contend that since appellee holds mere evidences of debt, while the banks hold the money and are answerable to the true owner, the bill is not necessary to the protection of appellee against any hazard, vexation, or expense of more than one action. The certificates of deposit in dispute are, in effect, negotiable promissory notes (2 Michie, Banks and Banking, 1271), and they promise payment upon their return or surrender properly indorsed. This stipulation for a return or surrender was for the safety and convenience of the banks, and constituted the certificates representatives or symbols of the deposits in such sort that even their mere delivery with the intention to pass title to the deposits would so operate in equity. Venturi v. Silvio, 197 Ala. 607, 73 South. 45. This consideration augmented perhaps the importance of the evidences of debt held ·by appellee as a bailee, a trustee of a sort, though without it we have no doubt appellee, if otherwise in the position of a disinterested stakeholder, should be allowed to secure a delivery of the certificates to their true owner, and his peace, by a bill of interpleader. Both the suggested claimants are claiming the same things of appellee through a common source—things valuable, if as evidence only, the delivery of which to the rightful owner may be compelled at the end of a lawsuit. That the banks, which also are brought in as parties defendant, by appropriate proceedings may have been able to protect themselves against the conflicting claims of the appellant defendants, furnishes no reason why appellee, in the absence of action by the banks, should not be allowed to maintain his bill for a similar purpose.

[4-6] 2. Appellants' next insistence is that appellee has incurred an independent liability to one of the claimants, and does not stand as an indifferent stakeholder between them—this for the reason, to state the substance of appellants' contention as we find it in the brief, that appellee as attorney and confidential agent for Thos. H. Owens, whose administrators on one hand claim the certificates of deposit and the money they represent, made deposits to the credit of Owens, and that while he was still such attorney and agent, and when he learned that his client had indorsed the certificates to his sister Mary J. Mount, whose administrator is the other claimant, induced Owens to execute the instrument in writing, a copy of which is attached to the bill as Exhibit C, and will appear in the report of the case. We find nothing, even in this statement of the case, sufficient to establish appellee's enlistment on the side of either claimant, unless indeed some such result may be inferred from the allegation that appellee induced Owens to execute the paper referred to as Exhibit C. But, on fair interpretation, the bill shows no pernicious activity on the part of appellee. How the certificates received by appellee from the banks, for and in the name of Owens, were converted into the certificates in dispute, which are payable to Mary J. Mount, and how the last-named certificates came into the possession of appellee, are facts which are made to appear in the third, fourth, and ninth paragraphs of the bill. Our opinion is that they show no departure by appellee from the line of his duty as attorney for Owens, nor anything to indicate an intent to bend the will of Owens, in disposing of his property, to or against Mary J. Mount. Moreover, appellee received the certificates in dispute, after the death of Owens, from the hands of W. H. Johnson, "as agent of Thos. H. Owens," and while the averment is that appellee received them "with the request that your orator [appellee] hold and retain the same as the property of the said Thos. H. Owens until requested to surrender and deliver the same," these certificates, as stated above, were payable on their face to Mary J. Mount. Obviously appellee's duty under his bailment is to surrender the certificates to whomsoever has the right to them in succession to Thos. H. Owens, deceased, under whom all defendants claim, and no sufficient reason is perceived for denying to him the advantage of the position he has assumed in the filing of this bill, that is, the position of a mere stakeholder, standing perfectly indifferent between the suggested claimants. Gibson v. Goldthwaite, 7 Ala. 281, 42 Am. Dec. 592. He seeks and is entitled to receive, not immunity from a double liability, but freedom from the harassment of two suits for the same demand. "The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability." Crawford v. Fisher, 1 Hare, 436.

The decree of the circuit court, overruling the demurrer to appellee's bill is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.