(124 So. 207)

**ANNISTON LUMBER & MFG. CO. v. KIRK-LAND.   (7 Div. 892.)**

Supreme Court of Alabama.   June 20, 1929.

Rehearing Denied Oct. 31, 1929.

Hugh Walker, of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

THOMAS, J. The demurrer to the bill was overruled.

The bill as amended was filed under the general equitable doctrine of interpleader, or in the nature of interpleader. Section 10390, Code of 1928. The rules governing such pleading are stated in Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; Cloud v. Dean, 212 Ala. 305, 102 So. 437; Alexander City Bank v. Home Ins. Co., 214 Ala. 544, 108 So. 369; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891; Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Schrader Co. v. A. Z. Bailey Groc. Co., 15 Ala. App. 647, 74 So. 749; Scott v. Parker, 216 Ala. 321, 113 So. 495; 4 Pomeroy, Eq. Jur. (3d Ed.) § 1328; and Crass v. M. & C. R. Co., 96 Ala. 447, 11 So. 480, which is the leading case in this jurisdiction on the subject.

It was proper, as to the balance due the contractor by the owner, that rival claimants have their respective liens (section 8840, Code) or claims declared by the court and a due apportionment be made. Grimsley v. First Ave. Coal Co., 217 Ala. 159, 115 So. 90; Sturdavant v. First Ave. Coal Co. (Ala. Sup.) 122 So. 178;[1] Richardson Lumber Co. v. Howell & Graves, 219 Ala. 328, 122 So. 343; McDonald Co. v. Stern & Marx, 142 Ala. 506, 38 So. 643.

The bill does not show on its face that complainant was fully informed of its liability to the particular or several claimants, and therefore was not subject to that ground of demurrer. Modern Order of Praetorians v. Merriman, 204 Ala. 197, 85 So. 473. The debt or amount was claimed by the several parties respondent; their claims were dependent or derived from the common source—the construction contract. Complainant has no claim or interest in the subject-matter, the balance due by the owner to the contractor, and stands indifferently between the claimants, and occupies the position merely as stakeholder when he brings into court the sum indicated. Baldwin v. Constantine, 214 Ala. 446, 108 So. 345.

The decree of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

