(127 So. 505)
## SOVEREIGN CAMP, W. O. W. v. PARTRIDGE.

6 Div. 570.

Supreme Court of Alabama.
March 13, 1930.

Rehearing Denied April 17, 1930.

C. H. Roquemore, of Montgomery, for appellant.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

SAYRE, J.

■ Appellee sued on a policy of life insurance. Appellant's complaint on this appeal is that it was not allowed to interplead. The insuperable objection to appellant's interpleader was and is that the sum which appellant was willing to pay was not the sum which appellee claimed to be due on the policy of insurance. The complaint declared upon a policy of insurance for the sum of $1,000, with interest from the death of assured. The interpleader brought into court the sum of $664.55. The rule of the courts is that, in an action of interpleader, the amount due from the party interpleading cannot be made the subject of controversy. Baltimore & O. Railroad Co. v. Arthur, 90 N. Y. 235; New England Mutual Life Ins. Co. v. Odell, 50 Hun, 279, 2 N. Y. S. 873. This court, in Johnson v. Blackmon, 201 Ala. 539, 78 So. 891, 893, quoted from Crawford v. Fisher, 1 Hare, 136, as follows: "The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability." The same idea is expressed in Johnson v. Maxey, 43 Ala. 541, where the court, quoting from Sherman v. Partridge, 11 How. Prac. (N. Y.) 158, said: "The provisions of the Code"—similar to section 2540 of the Alabama Code of 1867, from which section 10386 of the present Code is descended—"like those of the English statutes, were certainly not designed to introduce new cases of interpleader, but merely to enable defendants, in cases where an interpleader is proper, to relieve themselves, by a summary proceeding, from the delays and expense of a formal action." That language was also quoted in Coleman v. Chambers, 127 Ala. 619, 29 So. 58, 60. "The whole fund must be put at the disposal of the court, an offer to bring in what may be found due is not sufficient * * * this offer is required to prevent an abuse of this proceeding." 4 Pom. Eq. Jur. 1480, note 84. In this connection we note that section 10386 requires that the interpleading defendant must "deposit the money in court," therein differing from the law of some states, as shown by 4 Pom. Eq. Jur. supra.

The court properly sustained appellee's demurrer to appellant's interpleader.

■ There was no error in that ruling of the court by which it denied appellant's motion to transfer the cause to the equity side—this for the reason that, for aught appearing, the same defenses were available on the law side of the court. We do not think that section 10390, new to the Code of 1923, had effect to enlarge the rights of appellant in the premises over the right of interpleader conferred by section 10386. Section 10390 had effect, no doubt, to enlarge the right of bailees (4 Pom. Eq. Jur. §§ 1474, 1475) by allowing them to take the initiative by interpleader in a court of equity, which they could not do under sec-

tion 10386, for the remedy there provided is in terms limited to defendants, but it is not perceived that it changed any rule of procedure or right which might before that have been asserted under the provisions of section 10386.

After the court had heard the evidence, which went very conclusively to show that appellant was indebted under its policy of insurance in a sum less than the amount named in the policy and in the complaint, the court allowed appellant to refile its interpleader and then again, trying the case without a jury, rendered judgment for appellee and against the suggested claimants who, as the interpleader disclosed, resided in Texas and California, for the sum of $718.71, an amount, it will be observed, less than the amount claimed in the complaint but in excess of the amount admitted by the interpleader to be due to the beneficiaries of the policy when ascertained. There was also judgment against appellant for costs.

Appellee is not complaining of the result; that is to say, she has not assigned errors. But appellant does complain and our judgment is that the record must be reviewed as if the interpleader were allowed. So considered, error is apparent. The interpleader, if allowed as an interpleader, was due to be considered as a statutory interpleader and not otherwise. The trial court seems not to have followed either theory consistently. The judgment rendered left appellant exposed to harassment by the claims of the alleged claimants in Texas and California. True, the last judgment of the trial court purports to adjudicate the claims of the nonresidents against them. But that judgment was rendered without the service prescribed by statute and without the appearance of the alleged claimants. As to that the judgment was brutum fulmen. It is impotent to cut off appellant's right to a review or to avert a finding of error. Appellant is still liable to answer to an action by the alleged claimants. Nor did the judgment in other respects follow the rule of the statute. If the statute controlled the proceeding—and there was no authority for it except in the statute—then the judgment was excessive in amount and in the matter of costs. If the court had proceeded without reference to the statute to ascertain the amount due on the policy, error might be found in that the judgment was for an amount less than plaintiff was entitled to recover; but appellee is not complaining, nor can error be set off against error to save the judgment. It results that the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.