(132 So. 632)

## FINN v. MISSOURI STATE LIFE INS. CO.

### 4 Div. 529.

Supreme Court of Alabama.

Jan. 22, 1931.

Rehearing Denied March 12, 1931.

414

Chauncey Sparks, of Eufaula, for appellant.

W. H. Merrill, of Eufaula, for appellee.

BOULDIN, J.

The bill, in the nature of a bill of interpleader, whose sufficiency was challenged by demurrer, discloses the following:

In February, 1926, William Jefferson Perkins applied for membership in the Federal Postal Employees' Association of Denver, Colo., naming his wife, Mrs. Grace E. Perkins, as his beneficiary; and upon request of his association the Capital Life Insurance Company issued to him a policy of group insurance for $2,000, payable to said beneficiary. The right to change the beneficiary was reserved. In the same month, he received notice that he was entitled to increase his insurance to $3,000, and thereupon applied for a further policy of $1,000, payable to Annie L. Finn, his niece. This policy was issued.

Thereafter, August 1, 1927, International Life Insurance Company, by arrangement with the association, "assumed and underwrote the liability under said certificates heretofore existing, and that subsequently through an error or mistake, without signed request on the part of the insured, International Life Insurance Company issued its certificate number 7415 to the insured, William Jefferson Perkins, for Three Thousand ($3,-000.00) Dollars, payable to Annie L. Finn, niece; that said certificate of the International Life Insurance Company was numbered the same as copy of which said certificate is hereto attached and made a part hereof the certificates theretofore existing, and marked Exhibit 'C.' And Complainant avers that there was then, and is now, outstanding only Three Thousand ($3,000.00) Dollars of life insurance on the life of William Jefferson Perkins. And complainant avers that the said William Jefferson Perkins took out, carried and paid for only Three Thousand ($3,-000.00) Dollars of life insurance. And complainant (Missouri State Life Insurance Company) avers that the complainant on an agreement of re-insurance, dated, to-wit, the 25th day of August, 1928, reinsured all of the then outstanding valid insurance and valid policy

obligations of International Life Insurance Company."

Right to change beneficiary was reserved in the $3,000 policy.

The insured died December 22, 1929. Mrs. Finn made proof of death under the $3,000 policy, and Mrs. Perkins made proof of death under her $2,000 policy. Each, through counsel, demanded of complainant full payment of their respective policies. The bill further avers that Mrs. Finn's claim to full payment of the $3,000 policy is based on the fact that it was issued August 1, 1927, "and that the insured, who kept it and raised no objection to the beneficiary named therein, by such action ratified and confirmed the change in the beneficiary. And complainant avers that respondent Grace E. Perkins claims Two Thousand ($2,000.00) Dollars of said insurance for that the original certificate made her beneficiary to the extent of Two Thousand ($2,-000.00) Dollars, and claims that the insured never authorized the change of such beneficiary. Complainant avers that there are, therefore, conflicting claims to the proceeds of said policy and said certificates representing said policy, each of which is made without any collusion on the part of this complainant. And complainant avers that there is only one policy in this case; that the confusion as to the issuance of certificates thereon was a confusion this complainant is not responsible for."

The bill shows the fund of $3,000 was brought into court.

The bill prays that the two claimants be required to interplead. "That Complainant be permitted to pay the said fund into the registry of this Court for the benefit of the party entitled thereto, subject only to the right of complainant to have a reasonable allowance made for the services of its attorney in bringing said fund into said Court, and that said reasonable compensation be fixed by this Court and allowed out of said fund to complainant for the services of its solicitors in its behalf. That upon the payment of said fund into the registry of this Court that complainant be discharged from all, further or other liability to the respondents, and each of them, under or by virtue of the said policy of insurance in this case, or the certificates issued thereon."

The fund of $3,000 and accrued interest was deposited with the register.

The first essential ground of interpleader is that the same thing, debt, or duty must be claimed by the parties sought to be interpleaded. Complainant must stand in position of a stakeholder. Here the parties claim each under a separate and distinct policy payable to her. The insured had the privilege of changing the beneficiary, but without such change the right of the beneficiary became vested on his death. Neither of these respondents is concerned with what the other gets on her policy. Complainant is the party who asserts and has the primary interest in establishing the fact that it does not owe these two policies.

The bill assumes this fact, and by interpleader complainant seeks to pass out of the case and have the claimants' litigate their title to a fund of $3,000 paid into court in full discharge of policies for $5,000.

True, the bill avers the insured had and carried only $3,000 insurance, and on demurrer this averment is taken as true.

"It is not every case in which a party may be liable to double vexation, or in which, by different or separate interests, two or more persons claim of him the same thing, or the same debt or duty, that a court of equity will come to his assistance, and compel the claimants to interplead. The party must show that he stands not only indifferent between the claimants, that he is without interest in the controversy to be waged between them, but it must also appear that he is in the relation of a mere innocent stake-holder, or depository, and that by no act on his part the embarrassment of conflicting claims and the peril of double vexation has been caused. When he stands to either of the parties in the relation of a wrong-doer, or it appears that by his own act or conduct double claims have been caused, he is not innocent, he is not without interest, and the court will not intervene to relieve him from the embarrassment in which he has voluntarily involved himself. Shaw v. Coster, 8 Paige [N. Y.] 339, 35 Am. Dec. 690; Quinn v. Green, 1 Ired. Eq. [36 N. C.] 229, 36 Am. Dec. 46; Crawshay v. Thornton, 2 Myln. & Cr. 1; Desborough v. Harris, 5 DeG., M. & G. 439; Cochran v. O'Brien, 2 Jones & La. T. 380; Sublichish v. Russell, 2 L. E. Eq. Cases, 441." Conley et al. v. Ala. Gold Life Ins. Co., 67 Ala. 475, 476.

The bill admits the policy for $3,000 was issued payable to Mrs. Finn by mistake of the insurer without direction from the insured. Complainant gains nothing by averment that it was not responsible for the confusion. The bill shows complainant stands in the shoes of the original insurers, assuming the payment of the valid obligations incurred, which obligations were at the time represented by two outstanding policies payable to separate beneficiaries.

The bill further avers that Mrs. Finn bases her claim to full payment on implied change of beneficiary, and that Mrs. Perkins' denies this, asserts her claim under the policy first issued and held as in full force and effect by the insured until his death.

■ Treating these averments as sufficient to show the claimants concede the total insurance due is $3,000, this does not obviate the rule that, where the complainant has by his act created evidence of liability to one or both parties for the full amount of their respective claims, he cannot step out by interpleader and leave the parties thus entangled to work out their difficulties.

■ It is obvious the primary interest of complainant is to obtain cancellation or reformation of the outstanding policies, one or the other, upon payment of a less sum than shown by such outstanding obligations.

Interpleader is not the remedy for such situation. Crass v. Memphis & Charleston R. Co., 96 Ala. 447, 11 So. 480; Stewart v. Sample, 168 Ala. 270, 53 So. 182; Enterprise Lumber Co. v. First Nat. Bank, 181 Ala. 388, 61 So. 930; 4 Pom. Eq. § 1320 to § 1326; 33 C. J. p. 439, § 22.

■ Appellee relies upon Code, § 10390, new to the Code of 1923, as extending a statutory remedy by bill in the nature of a bill of interpleader. This statute, in addition to interpleader at law under Code, § 10386, extends the remedy by bill in equity to either the stakeholder or any claimant.

But, as this court has heretofore held, it does not modify the fundamental principles of equity upon which such bills are made to rest.

This court has recognized the "bill in the nature of a bill of interpleader," one invoking the equitable principles underlying interpleader, but calling for some relief to complainant, such as surrender and satisfaction of a mortgage, or other matter incidental merely, and granted under the broad equity power to render full relief. Likewise, when some other equity gives jurisdiction, complete equity may be done by way of interpleader. Such equity may relate to the amount of the demand, some charge thereon, or other equitable ground of relief. But the bill must make a case for interpleader proper, or for equitable relief of some kind. If so, it is not of consequence whether the bill is styled one in the nature of interpleader or otherwise. Sovereign Camp, Woodmen of the World v. Partridge, 221 Ala. 75, 127 So. 505; Anniston Lumber Co. v. Kirkland, 220 Ala. 148, 124 So. 207, and cases there cited; Phillips v. Sipsey Coal Min. Co., 218 Ala. 296, 118 So. 513; Wheeler v. Armstrong, 164 Ala. 442, 51 So. 268; 4 Pom. Eq. § 1481.

The bill was subject to apt grounds of demurrer assigned by respondent.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.