(134 So. 800)

## MISSOURI STATE LIFE INS. CO. v. ROBERTSON BANKING CO.

2 Div. 979.

Supreme Court of Alabama.

April 16, 1931.

Rehearing Denied May 28, 1931.

See, also, ante, p. 13, 134 So. 25.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

McKinley & McDaniel, of Demopolis, for appellee.

GARDNER, J.

One of the prime requisites of a bill of interpleader is the disinterestedness of the complainant in the subject-matter of the suit. He must stand in relation thereto as a mere stakeholder, indifferent between the conflicting claimants. Crass v. Memphis & C. R. Co., 96 Ala. 447, 11 So. 480; Wheeler v. Armstrong, 164 Ala. 442, 51 So. 268; Enterprise Lumber Co. v. First Nat. Bank, 181 Ala. 388, 61 So. 930; Phillips v. Sipsey Coal Min. Co., 218 Ala. 296, 118 So. 513; Sov. Camp, W. O. W., v. Partridge, 221 Ala. 75, 127 So. 505; Anniston Lbr. & Mfg. Co. v. Kirkland, 220 Ala. 148, 124 So. 207; 4 Pom. Eq. Jur. § 1479.

Nor are the fundamental principles of equity upon which are rested bills of this character in any manner modified by section 10390 of our Code. Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632, 633.

The amended bill does not meet the foregoing requirement. The defendant is shown to have brought suit for the full amount of a $2,000 policy, the proceeds of which are also claimed as a part of the estate of the insured. Complainant does not bring this sum into court to be the subject of litigation between the contesting claimants, but deducts therefrom a loan for which the policy was pledged, and deposits the balance only. Complainant does not stand disinterested, but claims an interest in the proceeds of the policy to the extent of $442, thus negativing any theory of a mere stakeholder. Its claim may be the subject of contest, as there is no admission of its correctness or validity, and, indeed, the bill indicates as much, in view of the averments that the defendant has sued for the full amount.

Complainant insists, however, that the bill may be considered as one in the nature of a bill of interpleader where this requirement of disinterestedness is not so strictly adhered to. But in bills of this character complainant seeks some relief of an equitable nature concerning the funds or subject-matter in dispute, in addition to the interpleader of conflicting claimants. 4 Pom. Eq. Jur. § 1481.

Considering this distinction and answering like argument, this court in Finn v. Missouri State Life Ins. Co., supra, said: "But the bill must make a case for interpleader proper, or for equitable relief of some kind. If so, it is not of consequence whether the bill is styled one in the nature of interpleader or otherwise."

Complainant here makes no averments looking to the granting of any equitable relief aside from the interpleader, and it must therefore rest for its sufficiency upon consideration of the principles pertaining to such bills. For the reasons above indicated, as a bill of interpleader, it is insufficient, and properly held subject to the demurrer interposed.

Nor do we consider the averment that no administrator of the estate of the insured had been appointed adds anything to the equity of the bill. More than forty days had elapsed, and those to whom the preference was given by statute have waived the same (sections 5742, 5744, Code 1923), and complainant, if interested in that question, could have the probate court to appoint an administrator, as provided by sections 5757, 5760, Code 1923. We can see no special duty resting upon defendant to have such administrator appointed.

We conclude the demurrer was properly sustained, and the decree rendered will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

## On Rehearing.

GARDNER, J.

Neither the policy nor any of its provisions are here presented. The argument of counsel for appellant upon reconsideration of the cause rests upon the assumption that the policy provisions as to a loan are the same as those considered in cases cited in note 92 to 32 Corpus Juris, 1106, and in Provident Savings Life Assurance Society v. Loeb (C. C.) 115 F. 357, and that therefore, for all practical purposes, the loan amounted to a mere anticipation of the final proceeds. But we think, in the absence of the policy or any of its pertinent provisions, such an assumption is unwarranted, and particularly in view of the well-established rule that upon demurrer the pleading is construed most strongly against the pleader. It may be conceded that in some respects the modern tendency is to a more liberal interpretation of the rule of interpleader (Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370); but whether or not appellant's assumed case would justify a more favorable result we need not stop to inquire, as no such case is presented by the bill before us.

The argument is further advanced that the bill should be sustained as one in the nature of a bill of interpleader upon the theory that equitable relief is sought in addition to the interpleader, namely, the foreclosure of its lien or pledge. Jones v. Dimmick, 178 Ala. 296, 59 So. 623. But, as stated in the original opinion, no such relief was prayed, and the averments of the bill are not consistent with such theory. It may be conceded that, had such relief been sought consistent with the bill's averments, an entirely different case would have been presented.

With the bill before us in its present shape, we are persuaded the correct conclusion has been reached, and the application for rehearing will be denied.

Application denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.