145 So. 141

## MISSOURI STATE LIFE INS. CO. v. FINN et al.

### 4 Div. 673.

Supreme Court of Alabama.

Dec. 22, 1932.

See, also, 222 Ala. 413, 132 So. 632.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

McDowell & McDowell, of Eufaula, for appellee Perkins.

Chauncey Sparks, of Eufaula, for appellee Finn.

GARDNER, J.

The original bill was one of interpleader proper, and held insufficient for lack of disinterestedness on the part of the complainant. Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632. Upon remandment it was amended so as to become a bill in the nature of a bill of interpleader (Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800), and sought the equitable relief of reformation, upon the theory of a mutual mistake in the issuance of the policy in the sum of $3,000 by the International Life Insurance Company upon the life of William J. Perkins, and payable to Annie L. Finn.

No fraud is charged and none indicated in the proof. Complainant rested for relief therefore upon a mutual mistake in the issuance of the policy, as above indicated, and assumed the burden of establishing the same by clear, exact, and convincing proof. "If the proof is uncertain in any material respect it will be held insufficient." Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118, 120; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645.

Upon consideration of the proof, the chancellor denied relief of reformation, and we think correctly so. The theory in favor of reformation is rested largely, if not entirely, upon the fact that the previous insurance in the Capitol Life Insurance Company placed by the Federal Postal Employees' Association acting for the insured as one of its members, was payable to the wife of insured in the sum of $2,000, and his niece Annie L. Finn $1,000, and that the employees' association, upon the issuance of insurance by the International Life Insurance Company furnished erroneous informa-

tion as to the name of the beneficiary, Annie L. Finn, for the full sum of $3,000.

True, the mistake may have occurred in this manner, but after all such a conclusion would be conjecture only. This was .not a taking over by the International Life Insurance Company of the insurance business of the Capitol Company. They bore no relation one to the other and had no contract or negotiations in reference to this matter. The employees' association became dissatisfied with the latter company and decided to place the insurance for its members with a larger concern, and in doing so the insurance with the Capitol Company was canceled and terminated as of July 31, 1927. The business with the International Life Insurance Company was therefore new insurance. In all the insurance the right to change the beneficiary was reserved. Whether insured directed the employees' association to make a change in the new insurance so as to make the policy for $3,000 to his niece Annie L. Finn alone, is also speculative and conjectural. No proof appears upon that particular point, though the letters of the employees' association indicate the policy to Annie L. Finn was issued through no mistake of its own. Subsequent events also throw much doubt upon the matter of a mistake, for it appears that the policy to Annie L. Finn for $3,000 was forwarded to the insured who kept the same for twenty-nine months before his death; that he knew of its contents, and more than once stated that his said niece, who was reared in his home, was not mentioned in his will for the reason she was the beneficiary to the extent of $3,000 in his insurance; and that he had taken out $2,000 additional insurance payable to his estate which would ultimately go to his widow. All of which tends strongly to show that, if in fact there was a mutual mistake in the issuance of the policy originally, its issuance in its present form had been acquiesced in for twenty-nine months and ratified by the insured, and, on the other hand, tends also to show there was no mistake in the original issuance of the policy.

■ We have referred to the high degree of proof required in cases of this character, and we think it clear that proof so doubtful and uncertain would not justify a decree of reformation. Annie L. Finn had previously brought suit on her policy on the law side of the docket, and, on complainant's motion, this action was transferred and merged with this equity proceeding. Though denying the relief of reformation, yet under these circumstances, the court properly proceeded to render a decree in her favor for the amount of her policy and for the funds which had been deposited with the register by complainant for the purposes of this litigation.

It appears without dispute, and, indeed, all parties are agreed that the amount of insurance carried by the insured Perkins through the agency of the Federal Postal Employees' Association did not exceed $3,000. Grace E. Perkins, the widow, was made a party to the amended bill as she was claiming $2,000 of this $3,000 of insurance, and in her cross-bill she avers that the amount of insurance did not exceed $3,000. But the decree rendered awards said Grace E. Perkins the sum of $2,000 as sought in her cross-bill. Thus complainant is decreed to pay $5,000 with a total insurance of only $3,000—manifestly a harsh result.

The conclusion in favor of the widow cannot rest upon the initial policy of $2,000 payable to her and issued by the Capitol Life Insurance Company, for the reason, as previously noted, all insurance in said company was canceled and annulled and entirely new insurance obtained in a separate and distinct competing company, the International Life Insurance Company. Nor can such a conclusion rest upon a reformation of the policy in the International Life, in which Annie L. Finn is named as beneficiary, as the relief of reformation has been denied by the chancellor, and his decree in this respect here approved. The widow insists, however, the decree is justified upon the language of the original bill and the answer of the officer to interrogatories in the suit at law by Annie L. Finn, and it is assumed relief was granted her upon this theory.

There being no existing contract, it is not urged that recovery could be based upon an estoppel [Belt Automobile Indemnity Ass'n v. Ensley Transfer & S. Co., 211 Ala. 84, 99 So. 787; American Equitable Assur. Co. v. Powderly Coal Co. (Ala. Sup.) 142 So. 37]; [1] nor, indeed, is there apparent the element of estoppel as after remandment of the cause the original bill (prepared by counsel now deceased) was, by other counsel, amended and the widow Grace E. Perkins made a party thereto, and in which the entire matter is more accurately stated in accord with the facts, and no one has been mislead or prejudiced thereby.

■■ But counsel for Grace E. Perkins argue that the language of the original bill and of the affidavit in the suit at law by Annie L. Finn constitute judicial admission and is conclusively binding as such. 22 Corpus Juris 329 et seq. The language of the original bill as well as the affidavit may indicate a conception on the part of those making the statement that in fact the International Life Insurance Company took over and assumed the insurance of the Capitol Life Insurance Company, though it is subject to the construction that the former company reinsured those insured in the sense

---

[1] Ante, p. 208.

théy insured them again by original and independent methods, and not by way of assumption of liability. And the amended bill discloses and makes clear that there was no such assumption. And the proof 'likewise shows no such assumption, but independent insurance and no contract relation between the two insurance companies. In construing the language the subsequent course of the parties on the trial may be considered. 22 Corpus Juris 415, 416.

But this aside, neither of the statements can be said to constitute a conclusive judicial admission. The averments of the original bill in this regard were superseded by those of the amended bill, and, while they may be given some probative force, they are not conclusive, but are rebuttable. 22 Corpus Juris 336, 337; Mays v. Burleson, 180 Ala. 396, 61 So. 75.

Like observations are applicable to the answer to the interrogatories in the Finn case, which was on the law docket and considered as extrajudicial so far as cross-complainant Grace E. Perkins in this proceeding is concerned, and as such not conclusive. 22 Corpus Juris 329, 330; McLemore v. Nuckolls, 37 Ala. 662.

In the instant case, it is without dispute in the proof that in fact there was no assumption of liability and no contract relation existing between the International and Capitol Insurance Companies, and a conclusion otherwise from the language of the original bill and the answer to the interrogatories in the law suit would run counter to the true situation. We are persuaded, therefore, such statements are not conclusive, but are rebuttable and have been overcome by the undisputed proof. It results, therefore, as our conclusion that Grace E. Perkins is not entitled to relief, and that in this respect the decree is in error. The decree in favor of Annie L. Finn will be affirmed, but reversed and one here rendered denying relief to cross-complainant Grace E. Perkins.

The litigation in the court below related largely to the matter of reformation in which appellant was unsuccessful, and, as the costs accruing on account of the claim of Grace E. Perkins was negligible in the court below, we have concluded to affirm the decree also as to the taxation of costs against complainant in the court below.

On this appeal complainant is successful as against cross-complainant, but unsuccessful as to reformation sought against Annie L. Finn, which constitutes the large part of this record. Cross-complainant was likewise here unsuccessful, but as what she offered constitutes so small a part of the record on this appeal, we think she should not be taxed with more than one-fifth of the costs on appeal. The order entered here will be in accord with the foregoing views.

The decree is affirmed in part, and in part reversed, and rendered.

Affirmed in part, and in part reversed, and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

