**FIRST NAT. BANK OF CLANTON et al. v. McKEE et al.**

5 Div. 146.

Supreme Court of Alabama.

Dec. 7, 1933.

574

G. C. Walker, of Clanton, and Huddleston, Glover & Jones, of Wetumpka, for appellants.

Reynolds & Reynolds, of Clanton, for appellees.

BOULDIN, Justice.

The bill was evidently intended as a statutory bill in the nature of a bill of interpleader, under Code, § 10390, the pertinent portion of which reads: "Whenever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Said court shall hear and determine all questions which may arise in the case," etc.

■ Appellants rely on a line of cases construing this section in relation to the bill of interpleader, or bill in the nature of a bill of interpleader under general equity powers, or in connection with interpleader of law under Code, § 10386. So far as here important, these cases hold that bills of interpleader under general equity powers must disclose that complainant is an indifferent and disinterested stakeholder, subject, at least, to the annoyance of two threatened suits at law for the same money or property. Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632, and cases cited in these decisions.

Appellants seem to overlook the fact that these decisions deal with bills filed by the stakeholder.

■ The statute, section 10390, supra, in express terms, extends the remedy to any claimant of such money or property. Finn v. Missouri State Life Ins. Co., supra.

The equity of such bill rests, among other things, upon the complainant's alleged ownership of the money in the hands of the stakeholder.

The bill sufficiently avers the respondent First National Bank of Clanton holds the money, deposited by A. W. Marcus during his lifetime, taking a time certificate of deposit therefor, which is outstanding and recognized by the bank as justly due and payable to the rightful claimant; that complainant, T. L. McKee, claims said fund as special administrator of his estate; that respondent Susie E. Marcus also claims this money as her property, has possession of the certificate of deposit, and has brought suit at law thereon. The bill seeks to enjoin this suit at law and have the ownership of this fund adjudicated in this suit. The bill by claimant is not subject to demurrer on the ground of his own interest. But the bill is subject to those grounds of demurrer assigned by Susie E. Marcus to the effect that complainant does not adequately set up his ownership of the money.

■ So far as we recall, this case is of first impression on this point. Broadly speaking, a bill by the claimant should state a case for interpleader by the stakeholder, if he elected to file such bill.

The statute is remedial in character, extending the remedy to a claimant, who, becoming the actor, relieves the stakeholder of the necessity to file a bill on his own behalf. Brown v. Clark, 80 Conn. 419, 68 A. 1001; 33 C. J. p. 424, note 74.

■ When the claimant, however, becomes the actor, his bill should aver he is the owner of such fund, not merely that he claims it; and should further set up his title with the same certainty he would if brought in by the stakeholder. The adverse claimant, called upon to defend against his claim of ownership, is entitled to be advised of the nature

of his claim under the general rules of pleading.

Applying these principles to the case in hand, the bill discloses the money in the bank is evidenced by a time certificate of deposit issued to A. W. Marcus, but does not aver to whom it was made payable. The bill further discloses the certificate of deposit is in the possession of Susie E. Marcus, but avers nothing as to how such possession was acquired. For aught appearing, it was issued payable to her absolutely or upon events since arising, or has passed to her by assignment valid in law or in equity.

For the error in overruling the demurrer upon the ground stated, the decree is reversed and the cause remanded. We limit this decision to the questions above discussed, the only ones presented for review.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.