165 So. 240

## WILLIAMS v. AMERICAN NAT. INS. CO.
### 4 Div. 841.

Supreme Court of Alabama.

Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

Winn & Winn, of Clayton, for appellant.

Clayton, Clayton & Clayton, of Clayton, for appellee.

THOMAS, Justice.

The bill is for interpleader.

Appellant's motion to dismiss the petition and demurrers were overruled. These rulings are the insistences of error.

The bill alleges that the policy of insurance in question was originally payable to the wife of the insured, and after the death of that beneficiary was changed to appellant; that Flossie M. Moore has given defendant appellee notice that she is claiming the proceeds of the policy; that the naming of appellant as beneficiary was procured by fraud; that she, by agreement with assured (he being unable), paid the premiums on the policy and claims an interest in and lien on the moneys paid by complainant into the registry of the court; that is to say, the bill makes a case of a bona fide claim of right and ownership to and in the moneys paid into court in dis-

charge of assurer's liability on the policy, and prays a right distribution of that fund to the rightful owner. The law of such a case is well stated in Commonwealth Ins. Co. of New York v. Terry et al., 230 Ala. 125, 159 So. 822, and requires no amplification or restatement. Anniston Lumber & Mfg. Co. v. Kirkland, 220 Ala. 148, 124 So. 207; First Nat. Bank of Clanton et al. v. McKee et al., 227 Ala. 573, 151 So. 444; Marcus et al. v. People's Sav. Bank et al., 227 Ala. 576, 151 So. 467; W. E. Herron Motor Co., Inc., v. First Nat. Bank of Birmingham et al., 226 Ala. 434, 147 So. 198; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632; Sovereign Camp, W. O. W., v. Partridge, 221 Ala. 75, 127 So. 505; McDonald et al. v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; Catts v. Sipsey Coal Mining Co., 212 Ala. 421, 102 So. 895; Code, § 10390.

There was no error to reverse in the rulings of the trial court.

Affirmed.

BOULDIN, BROWN, and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

This is a statutory action in the nature of a bill of interpleader. Such action was authorized or introduced by section 10390 of the Code of 1923, and extends the office of such action beyond that of interpleader in equity existing prior to the statute, in that it opens the door of a court of equity to a claimant of the money or fund, as well as to the person having its possession, who has no claim thereto. Phillips v. Sipsey Coal Mining Co., 218 Ala. 296, 307, 118 So. 513; Ex parte McFry, 219 Ala. 492, 122 So. 641; Anniston Lumber & Mfg. Co. v. Kirkland, 220 Ala. 148, 124 So. 207.

The application for rehearing is denied.

BOULDIN, BROWN, and KNIGHT, JJ., concur.